HEIRS OF D. M. BROWN v. MARY E. BROWN.

(Case No. 1732.)

1. LIMITATION — BILL OF REVIEW — NEW TRIAL.— Art. 1373 of the Revised Statutes, which provides that when judgment is rendered on service by publication, when the defendant neither appears in person nor by attorney, his application for a new trial must be made within two years after the judgment is rendered, though it contains no saving clause in favor of defendants laboring under disability, yet such defendants are protected by art. 3222, Revised Statutes, which, in effect, provides that the period of disability shall not be deemed a portion of the time limited for the commencement of an action.

2. FRAUD — LIMITATION.— The concealment of a fraud will suspend the operation of the statute of limitations against him who is defrauded until he discovers the fraud, or until such time as, by the use of reasonable diligence, he might have discovered it. Following Munson v. Hallowell, 26 Tex., 486, and other cases cited.

3. SAME — REASONABLE DILIGENCE.— A child, learning of the existence of a deed in the custody of its father, conveying property, inquired of him concerning it, and was informed by him "that the deed had been made, but that it had never been delivered; that it was not worth a baubee, and had been destroyed." The deed was a conveyance from the father to the mother, and the son claimed under it through the mother. After the father's death, the deed was discovered among his effects. *Held*, that the child had exercised reasonable diligence to discover the fraud, and that limitation did not run against the heir until the actual discovery of the fraud.

APPEAL from Navarro. Tried below before the Hon. D. M. Prendergast, special judge.

On July 22, 1882, appellant brought this suit against appellee to vacate and annul a judgment of partition, in a suit of D. M. Brown against appellants, rendered May, 1877. The judgment, it is claimed, was procured by and through the fraud of D. M. Brown, deceased.

D. M. and L. A. Brown, the father and mother of some of the appellees, and the grandparents of the others, were married in 1840. L. A. Brown died in 1871, and D. M. married appellee, Mary E. Brown, in October, 1872.

It is alleged that in October, 1865, D. M. Brown, for a valuable consideration, executed and delivered a deed to said L. A. Brown, conveying a large amount of real and personal estate to her, describing it, including in the land conveyed two surveys, the Charity Saunders and the Del Toro, in Navarro county, and two tracts, the Wm. Oakley and McWhorter, in Freestone county; that on the death of said Lavinia, appellants being minors, said D. M. Brown fraudulently concealed and secreted the deed, which had never been put on record, and kept them in ignorance of it; that Lavinia died intestate, and no administration was had of her estate; that D. M. Brown acted toward the property as his own, sold off large portions of it, and reinvested in other property, and plaintiffs (appellants) were kept in complete ignorance of their rights and the fraud that had been practiced on them; that in April, 1877, D. M. Brown brought suit against plaintiffs (appellants) in the district court of Navarro county to partition and divide the four surveys of land, the Charity Saunders and the Del Toro, in Navarro, and the Oakley and McWhorter, in Freestone, between himself and the plaintiffs, which land he alleged was the community property and all the community property of himself and his wife, Lavinia Ann Brown, mother of plaintiffs. The appellants, relying on statements of said Brown, made no defense to the suit, and a final judgment was rendered in May, 1877, dividing the land; that said D. M. Brown died in 1879, intestate; that from the time of the judgment until August, 1880, appellants were ignorant of the existence of the deed; that at the time of the judgment Levi Brown, Nancy Ann Bean and the Landingham children were minors; that, in fact, the property divided and vested in D. M. Brown by the judgment of May, 1877, belonged to appellants; that after the death of Brown, in August, 1880, in looking amongst their father's papers, appellants found the deed carefully secreted and put away; that the deed was proved up and put on record, and plaintiffs at once ignored and repudiated all title to the lands vested in them by the judgment, and had been in possession of and claiming the same under the deed since, and they prayed that the judgment of May, 1877, be set aside, annulled and held for naught, etc. Appellants, in their trial amendment, after alleging facts set up in original petition, alleged further that at the time of the death of their mother, Lavinia Ann Brown, in 1871, all of the appellants were minors except D. J. Brown, and that the Landingham children were still minors. (The father of the children, viz., J. L. Landingham, was one of the appellants in the case.) In addition it alleged that at the time the partition suit was brought

in 1877, the appellant, C. N. Brown, was informed of the existence of the old deed, dated October, 1865, and being put on inquiry of the existence of said deed, he sent the appellant, J. H. Landingham, to inquire of D. M. Brown, and afterwards inquired of his father himself, who informed him "said deed had been made, but that it was never delivered, that it was not worth a baubee, and that it had been destroyed;" that said C. N. Brown did not inquire further, but, relying on the truth of the statement, did not find out that the same was false until the deed was discovered as before set out, and prayed as in original petition.

The appellee filed general and special exceptions, etc., and a general denial to both of plaintiff's petitions. The cause was tried first on exceptions to the original petition, and they being sustained, plaintiff took leave and filed a trial amendment, to which exceptions were sustained, and, appellants declining to amend further, judgment was rendered for appellee.

The points relied upon for reversal appear in the opinion.

*Simpkins, Simpkins & Neblett*, for appellants, cited: Smith v. Talbot, 18 Tex., 774; Smith v. Fly, 24 Tex., 345; Munson v. Hallowell, 26 Tex., 475; Carlisle v. Hart, 27 Tex., 350; Bremond v. McLean, 45 Tex., 18; Ransom v. Bearden, 50 Tex., 121; Connolly v. Hammond, 51 Tex., 647; Kleinecke v. Woodward, 42 Tex., 311; Ramirez v. McClane, 50 Tex., 598; Murchison v. White, 54 Tex., 78; McAnear v. Epperson, id., 225; Stovall v. Carmichael, 52 Tex., 383; Flagg v. Mann, 2 Sumn., 486; McFarland v. Stone, 17 Vernon, 175; Watson v. Wells, 5 Conn., 468.

*Read & Read*, for appellee, cited: Murchison v. White, 54 Tex., 78; McAnear v. Epperson, id., 225; Kleinecke v. Woodward, 42 Tex., 311; Ramirez v. McClane, 50 Tex., 598; Sayles' Pleading, secs. 85 and 88; Snoddy v. Cage, 5 Tex., 106; Alston v. Richardson, 51 Tex., 6; Smith v. Fly, 24 Tex., 345; Cannon v. Hemphill, 7 Tex., 184; Hollis v. Dashiell, 52 Tex., 187; Carlisle v. Hart, 27 Tex., 350; Liddell v. Crane, 53 Tex., 549. Admission by one co-tenant binds all. Freeman on Co-tenancy, sec. 169; Abbott's Trial Evidence, p. 188, clause 6 and note 10. Notice to husband of fraud is notice to wife. Wade on Notice, p. 310, sec. 679, note 1, cases cited; 39 Conn., 238; 53 Ala., 162; 10 Tex., 252; 27 Tex., 352; 51 Tex., 648; 45 Tex., 18.

WATTS, J. COM. APP.—This is a direct proceeding to vacate and annul a judgment of partition, on the ground that it was obtained

by fraud. In the court below exceptions were sustained to the petition and trial amendment, and the cause was dismissed.

The objections as presented by the exceptions were these: That the suit was brought more than two years after the judgment was rendered, and hence came too late; that appellants did not sufficiently show but that by reasonable diligence they might have discovered the fraud prior to the rendition of the judgment, or at least long before the time they claimed to have discovered the same; and that a portion of the appellants had knowledge of such facts as put them upon inquiry before the rendition of the judgment sought to be annulled.

This proceeding is in the nature of a bill of review to vacate a judgment rendered upon service by publication, and, in analogy to the statute regulating that proceeding, must generally be instituted within two years from the rendition of the judgment. Weaver v. Shaw, 5 Tex., 286.

But certain reasons are alleged in the petition, by which the delay in bringing the suit is sought to be excused. It is alleged that certain of the appellants who were parties to the partition suit were minors, and were represented by guardian *ad litem*, and were still minors at the institution of this suit; and others were then and still are laboring under the disability of coverture. Also that the plaintiff in the partition suit, who was the father and grandfather of appellants, studiously and purposely concealed from them any knowledge of the frauds complained about in this case. While in the trial amendment it is alleged that, pending the partition suit, two of the appellants, who were then adults, obtained knowledge of facts that put them upon inquiry; that they called upon the plaintiff, their father, who, by his representations, satisfied them to the contrary, and therefore they made no defense to that suit.

Appellee claims that the disability of non-age and coverture does not exempt such parties from the rule that the suit must be brought within two years after the judgment was rendered.

It is in effect provided by art. 3222 of the Revised Statutes that if a person entitled to bring any action, not mentioned in chapter 1 of the title on limitations, is laboring under disability, then the time during that disability shall not be deemed a portion of the time limited for the commencement of the action.

This article appears to be sufficiently comprehensive to embrace all actions not mentioned in the chapter to which reference is therein made.

If a judgment is rendered upon service by publication, when the

defendant neither appeared in person nor by an attorney of his own selection, then the bill of review, or, rather, petition for a new trial, is required by statute to be filed within two years from the rendition of the judgment.  R. S., art. 1373.

That provision of the statute does not contain any saving clause in favor of persons laboring under disability, as did the former statute upon that subject.

But evidently the general provision contained in the title on limitations, and mentioned above, was intended to apply to all actions not mentioned in the first chapter of that title, and the purpose of that provision was to obviate the necessity of incorporating that saving clause in each and every proceeding or action provided for.

It is well settled that in courts of equity an actual fraud, concealed by one of the parties, will suspend the operation of the statute of limitation as to the other party until he discovers the fraud, or until by the use of reasonable diligence he might have discovered the same.  Angell on Limitations, sec. 183, etc.

In Smith v. Fly, 24 Tex., 345, it was said to be an open question in this state as to whether a concealed fraud was an exception to the running of the statute.  But it is now fully established by adjudicated cases that a concealed fraud, which has worked an injury to another, will prevent the running of the statute in favor of the party who perpetrated the fraud until discovered, or by the use of reasonable diligence it ought to have been discovered.  Munson v. Hallowell, 26 Tex., 486; Ripley v. Withee, 27 Tex., 14; Anding v. Perkins, 29 Tex., 354; Bremond v. McLean, 45 Tex., 11; Alston v. Richardson, 51 Tex., 1.

Here the facts constituting the fraud, its concealment, as well as the fact of its discovery, and failure sooner to do so, are all circumstantially and specifically alleged in the petition.  And as a matter of pleading, notwithstanding such delays will be closely scrutinized, these allegations are legally sufficient to entitle the appellants to a hearing upon the merits.

However, it is claimed that the allegations in the trial amendment show that two of the appellants had sufficient knowledge of the existence of the deed to have led to the discovery of the fraud complained about, by the use of reasonable diligence, long before they claimed to have discovered the same.  But when that information was obtained it is alleged that they promptly prosecuted the inquiry by calling upon their father, who, it was claimed, had made the deed, and the only person likely to know anything about the matter, and he informed them that he had prepared and signed the

deed, but that it was never delivered, utterly worthless, and had been destroyed. They relied upon these statements, and did not prosecute the inquiry any further. Under the facts and circumstances alleged appellants must be considered as having used due diligence in this particular. They had exhausted the inquiry, and occupied the same position as if they never had knowledge of the facts that led to it. Henderson v. Pilgrim, 22 Tex., 471; Wade on the Law of Notice, sec. 34.

Our conclusion is that the court erred in sustaining the exceptions to the petition and dismissing the case, and for which the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted February 5, 1884.]