### A. F. MERRILL ET AL. v. C. L. BRADLEY ET AL.

Decided December 7, 1908.

**1.—Principal and Agent—Power of Attorney with Interest—Fraud—Evidence.**

In an action of trespass to try title and for partition, the defendants denied plaintiffs' title to any part of the land sought to be partitioned and alleged that plaintiffs' vendor had obtained a power of attorney from defendants coupled

with an interest in said land, by false and fraudulent representations that the title to said land was disputed and that litigation would be necessary to obtain possession of the same, of which fact plaintiffs had notice when they bought; evidence upon said issues considered, and held sufficient to require a submission of the same to the jury, and hence a peremptory instruction for the plaintiffs was reversible error.

### 2.—Power of Attorney with Interest—Revocation.

An instrument purporting to be a revocation of a power of attorney to sell land, recited the execution of the power of attorney and the authority of the agent to recover and take possession of said land and to sell and convey the same with the consent of the owners, and a conveyance of a one-half interest in said lands to the agent, and then proceeded: "Therefore, know all men by these presents, that we have countermanded and revoked, and by these presents do countermand and revoke, the said power of attorney and all power and authority thereby given to the said F. H. Y." Held, to manifest an intention to revoke and cancel the entire instrument referred to, that is, the conveyance of an interest in the lands as well as the power to sell the same.

### 3.—Same—Right to Revoke.

A power of attorney coupled with an interest in land can be revoked, set aside or cancelled only for fraud, misrepresentation or other sufficient cause.

### 4.—Husband and Wife—Legal Title—Purchaser from Heirs of Husband.

When the legal title to land is in the husband, a purchaser from his heirs will take good title as against the heirs of the wife, in the absence of notice that the land was community property.

### 5.—Guardian and Ward—Power of Attorney by Guardian.

A power of attorney by a guardian coupled with an interest in the ward's land, is not binding upon the ward unless ratified by him after he attains his majority.

### 6.—Deed—Secondary Evidence.

Parol evidence of the existence and contents of a deed is not admissible when it appears that the deed is in existence, and by proper diligence might be produced.

### 7.—Deed—Proof of Execution.

The fact that a suit was originally one for partition will not make the deed to the land admissible in evidence without proof of its execution and without the three days filing and notice required by statute when the suit becomes in effect one of trespass to try title to the land between the alleged owners.

Appeal from the 61st Judicial District, Harris County. Tried below before Hon. Norman G. Kittrell.

*Wm. M. Anderson* and *G. H. Pendarvis*, for appellants.—Notwithstanding the instrument executed by the Merrill heirs to Yeagley may have been sufficient to convey the legal title to the property, if the consideration for such conveyance was services to be performed by him in the future, the conveyance was so far executory that the equitable title did not pass until such services had been performed. If the Merrills were led to execute the conveyance by the representations of Yeagley that a suit was necessary to recover the property, the fact that no suit had ever been necessary did not have the effect of vesting in him such equitable title. Whether or not the services which he performed, if he performed any, were those in consideration

of which the conveyance was made, was a question of fact, upon which the defendants were entitled to the verdict of a jury. Ramey v. Allison, 64 Texas, 697; West v. West, 9 Texas Civ. App., 481; Schaeffer v. Blanc, 87 S. W., 745.

The instrument referred to was neither a conveyance or a ratification of a previous conveyance, and did not operate as an estoppel. Williams v. Chandler, 25 Texas, 11; Bartell v. Kelsey, 59 S. W., 631; Hart v. Meredith, 65 S. W., 508; Bigelow on Estoppel (5th ed.), pp. 331, 334 and 352.

The instrument referred to in the assignment did not operate to convey property owned by the persons executing it otherwise than by inheritance from J. H. Merrill. The construction placed upon it by the court makes it convey property that was never owned by J. H. Merrill, and never inherited from him by anybody. Rev. Stats., art. 624; Stone v. Sledge, 87 Texas, 52; Moody v. Butler, 63 Texas, 212; Thompson v. Cragg, 24 Texas, 582; Caruth v. Grigsby, 57 Texas, 266; Downing v. Diaz, 80 Texas, 455; Franklin v. Piper, 5 Texas Civ. App., 253; West v. Hermann, 104 S. W., 428.

*Joe M. Sam* and *C. L. Bradley,* for appellees.

REESE, ASSOCIATE JUSTICE.—This suit was instituted by appellees against appellants for partition of a block of ground in the city of Houston, appellees claiming that they owned an undivided one-half of the block and that appellants owned the other half. In their answer appellants denied the title of appellees and set up claim to the entire block. They alleged that the power of attorney and conveyance under which Yeagley, appellees' vendor, claimed was procured by misrepresentation and fraud, and prayed that it be cancelled. By supplemental petition appellees denied these allegations of the answer, and pleaded that they were innocent purchasers without notice. The case was tried with a jury, who were instructed to return a verdict for appellees for one-half of the property, which was done. From the judgment for appellees the defendants appeal.

We think the trial court erred in refusing to submit the issues to the jury and in its peremptory instruction to find for appellees, and that the first assignment of error presenting this question should be sustained. Appellees claimed title under appellants by virtue of a certain instrument in the nature of a power of attorney, executed by them to one F. H. Yeagley, dated December 12, 1904, by the terms of which they appointed Yeagley their agent and attorney in fact with authority to recover and take possession of, at his own expense, any lands they might own in Texas as heirs at law of James H. Merrill, and to sell and convey any and all lands they might have any interest in in Texas after having obtained the consent of appellants. By this instrument the makers in consideration of the services performed and to be performed by Yeagley and money paid out by him, conveyed to him an undivided one-half of "said lands," that is, "all of the lands that we may have an interest in in Texas." Under this instrument Yeagley conveyed to appellees, Bradley and Sam, an

undivided one-half of the block of ground in controversy. Appellees paid full value.

If the evidence was sufficient to present the issue of misrepresentation on the part of Yeagley in procuring from appellants the instrument in question, and also the issue as to whether appellees were innocent purchasers without notice thereof, the court erred in directing a verdict for appellants.

The alleged misrepresentations and fraud consisted in certain statements by Yeagley, by which appellants were led to believe that their title to the land was disputed, and that litigation would be necessary to clear their title and establish them in possession, which were alleged to be untrue and known to Yeagley to be untrue; also certain representations that appellants owned other lands in Texas which Yeagley was to recover for them.

Without discussing the evidence on this point, we think it was sufficient to raise the issue that appellants were induced to execute the instrument referred to by the representations alleged on the part of Yeagley, and that those representations were not true. The evidence at least tended to show that Yeagley represented that the title to the Houston property was in such shape that it would be necessary to bring suit to establish appellants' claim; that in fact their title was not disputed, there was no adverse claim, and no obstacle to their possession and that this was known to Yeagley, but not known to them. Yeagley lived in Houston and appellants in Louisiana. This would not have required a submission of this issue if the undisputed evidence had shown that appellees purchased from Yeagley without notice of the facts above stated, or if there had been no evidence of such notice.

On February 24, 1906, appellants made and signed an instrument which was recorded in Harris County, February 26, 1906, prior to the date of the sale by Yeagley to appellees. This instrument recites the execution by them of the instrument of December 12, 1904, which is called a power of attorney, the recitation contained an exact copy of the material contents of the first instrument, that is, the authority to recover and take possession, to sell and convey with consent of the makers, and the conveyance of the one-half interest to Yeagley, and then proceeds: "Therefore, know all men by these presents, that we have countermanded and revoked, and by these do countermand and revoke, the said power of attorney and all power and authority thereby given to the said F. H. Yeagley." This instrument was examined by appellees before they bought. It was in fact introduced in evidence by them, over the objection of appellants, as evidence of their defense. This instrument seems to have been construed by the court as intended to be a ratification of the conveyance and a revocation only of the power of attorney.

It is true that it was beyond the power of appellants arbitrarily to revoke the conveyance, which was an executed conveyance and vested title in Yeagley subject only to be set aside and cancelled for fraud, misrepresentation or other sufficient cause. Still, we think it clear that it manifested an intention, so far as this could be done, to revoke and cancel the entire instrument of December 12, 1904,

which they denominated a power of attorney, and which is in fact but a power of attorney coupled with an interest. The making of this instrument and placing it of record was clearly intended to give notice, so far as this could thereby be accomplished, of appellants' desire and intention to cancel and revoke the entire instrument referred to. This was sufficient to put a prudent man upon inquiry that there was something wrong about Yeagley's title and to call for investigation. The proper source of inquiry would be, of course, the maker of the instrument and not its beneficiary, Yeagley; and there can be little, if any, doubt that such inquiry would have brought to appellees information of the claim here made by appellants upon which they seek a cancellation of this instrument. The inquiries that were in fact made by Bradley show that he felt that this paper required some inquiry. He should have applied to some of the appellants for information. For these reasons we think the court erred in directing a verdict for appellees, and that the issues of misrepresentation on the part of Yeagley as an inducement to the execution of the power of attorney, and of the want of notice on the part of appellees, should have been submitted to the jury. The burden of proof was, of course, upon appellants upon both issues.

Without discussing the other assignments of error we will indicate our views of the principles which should control the questions presented upon another trial.

It may be that the authority given to "recover and take possession," etc., must be limited to such portion of the land in controversy as appellants might own as heirs at law of J. H. Merrill, their deceased father, to the exclusion of that portion which descended to them from their deceased mother, the property being community and the mother surviving the father by many years; but when it comes to the clause giving power to sell and convey, and conveying the half interest to Yeagley, different language is used, to wit: "All of the lands that we may have any interest in in Texas." The conveyance to Yeagley, if valid, must be held to convey the interest of the grantors, whether inherited from their mother or father. If it were otherwise, unless appellees had notice that it was community property of the father and mother, the title being in J. H. Merrill, and appellants being his heirs, they were not required to look farther. (Mangum v. White, 16 Texas Civ. App., 254.)

The instrument of December 12, 1904, was signed for A. F. Ebenhoch by his guardian. He was at that time a minor and no authority is shown in the guardian to bind him by this instrument. It is not binding upon him unless expressly or impliedly ratified after he attained his majority. This is not shown. The revocation of February 24, 1906, which was signed by him after he became of age, can not, by any construction, be given the effect of such ratification. It recites the execution of the first instrument by him, but the whole purpose of the later instrument is to revoke and cancel, not to ratify or confirm. So far as the present record discloses, A. F. Ebenhoch is not bound, or his interest in any way affected, by the conveyance to appellees.

We think the court erred in admitting, over objection, the testimony

of Yeagley as to the execution and contents of the separate deed from Mrs. George. His testimony showed that the deed was in existence, and that he knew that it was in the custody of Ponder, or that at least inquiry of Ponder would show where it was. No sufficient excuse was shown for the failure to make inquiry of Ponder. (Taliaferro v. Rice, 47 Texas Civ. App., 3.)

As to the action of the court in admitting in evidence the original deed last referred to (which was in fact found during the trial in Houston) without proof of its execution and without the three days filing and notice to appellants required by statute, the fact that this was originally a partition suit, did not authorize its admission. The issue was one of title in appellees. But we are inclined to think that the admission of Mrs. George and her husband contained in the instrument of February 24, 1906, that they had executed the former instrument, the later instrument having been duly executed and acknowledged by them, was sufficient proof of the execution of the former instrument to authorize the admission of the original deed. However, as appellees have this original deed and will be prepared to introduce it in evidence properly upon another trial, what we have said on this point, becomes probably immaterial. What we have said sufficiently disposes of the other assignments of error. For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*