## CHARLES WOLF v. LUDWIG J. SAHM ET AL.

Decided May 5, 1909; October 13, 1909.

**1.—New Trial—Service by Publication.**

A proceeding under article 1375, Revised Statutes, seeking to have a former judgment on service by publication set aside, is not an original suit, but is in *fact and substance a motion for a new trial* and a continuation of the former suit, and appeal will not lie from an order in such proceeding vacating the former judgment but making no final disposition of a cause of action.

**2.—Same—Final Judgment.**

Though a proceeding to set aside a judgment be in its nature an original suit, and not a mere continuance of the former action, a judgment which merely sets aside the former judgment without otherwise disposing of the rights of the contesting parties was not, in the opinion of Mr. Justice Key, such final judgment as would support an appeal.

**3.—Change of Venue—Judgment—Appeal.**

The appeal allowed from a judgment sustaining a defendant's plea of privilege and transferring the case to another county, is limited to that specific matter, and does not confer power upon the appellate court to revise any other ruling in the case.

**4.—Jurisdiction—Venue—Waiver.**

District Courts have the power to try suits involving the title to land regardless of the county in which the land is located, and article 1194, Revised Statutes, prescribing that such suits shall be brought in the county where the lands are situated, secures to the defendant merely a personal privilege to be sued in a particular county which will be waived by his filing a plea to the merits before asserting his privilege.

**5.—Same.**

A motion under article 1375, Revised Statutes, to set aside the former judgment obtained upon service by publication, though it may involve defensive matters relating to the merits of the suit, will not be held a waiver of defendant's right to plead his privilege to be sued in the proper county, since it was necessary for him to get the former judgment set aside before he could assert that right, and his allegations for accomplishing that result are not to be taken as pleadings upon which to try the case.

**6.—Venue—Privilege—Waiver—Pleading.**

Allegations in motions to set aside a judgment recovered on service by publication can not be taken as a waiver of the right of the party to object to the venue, where they clearly indicate that he did not intend to waive his rights in that regard. Wolf v. Willingham, 43 Texas Civ. App., 167, and Hall v. Howell, 56 S. W., 561, distinguished.

**7.—Plea of Privilege—Change of Venue.**

It is questioned whether the general rule as to waiver of pleas of privilege is applicable since the amendment of the statute requiring the court merely to change the venue where plea of privilege to be sued in another county is sustained. See proceedings in such case held to be substantially a mere change of venue, in which the action of the trial court will not be revised unless abuse of its discretion appears.

**8.—New Trial—Appeal.**

The appellate court, having no jurisdiction to revise the action of the trial court in granting a new trial, can not determine on an assignment of error in making such order, the correctness of the ruling of the court as to the sufficiency of the service upon which the judgment is rendered.

ON MOTION FOR REHEARING.

**9.—New Trial—Motion—Original Proceeding.**

The proceeding under article 1375, Revised Statutes, setting aside a judgment obtained on service by publication, can not be held a new and separate suit upon equitable grounds for new trial; such action was permitted by law to all persons and is not barred until the expiration of four years. The right granted by the statute was to a limited class and to be exercised within two years, and was intended to enlarge and not to limit their rights. Brown v. Dutton, 38 Texas Civ. App., 294, overruled.

Appeal from the District Court of Travis County. Tried below before Hon. Geo. Calhoun.

*Sidon Harris,* for appellant.—The bill of review provided for by Revised Statutes, articles 1375, 1376, 1377, is the only bill of review provided for by the statute laws of Texas and is governed by the principles of procedure and practice that apply to common-law bills of review. No matter what other causes are alleged as grounds for vacating a judgment rendered at a former term of a court of general jurisdiction, it is indispensable that an equitable defense to the cause of action in which the judgment complained of was rendered be alleged and proven before such judgment can be lawfully set aside; and it is not sufficient to merely allege the existence of such a defense, but the very facts constituting it must be alleged. Schleicher v. Markward, 61 Texas, 103; Contreras v. Haynes, 61 Texas, 105-106; Johnson v. Templeton, 60 Texas, 239; Ferguson v. Morrison, 81 S. W., 1240 (S. W.); Sperry v. Sperry, 103 S. W., 419; Randall v. Collins, 58 Texas, 231; 81 Texas, 355; 61 Texas, 413; 20 Texas, 121-123; 7 App., 280; 107 S. W., 163; 66 S. W., 913; 78 Texas, 30 and 586; 29 Texas, 116; Parson v. Weise, 77 Pac., 1011; Gregory v. Ford, 14 Cal., 141.

A judgment which appears upon its face to have been regularly rendered by a court of competent jurisdiction upon a fair trial upon the merits, and upon citation and notice by publication duly served against unknown heirs, will not be vacated at a subsequent term of said court upon a petition which alleges only that the citation to said unknown heirs was not served for eight successive weeks, and which does not allege any equitable defense to the suit in which said judgment was rendered. Randall v. Collins, 58 Texas, 231; Kempner v. Jourdan, 7 Texas Civ. App., 280; Hamblin v. Knight, 81 Texas, 533; Laundry Co. v. Carter, 24 Texas Civ. App., 535; Schneider v. Ferguson, 77 Texas. 576; Thomas v. Ireland, 11 S. W., 653.

A plea in abatement on the alleged ground that the court has not jurisdiction to entertain the suit is a plea that the court has not jurisdiction over the subject matter, and does not present a claim of personal privilege of being sued in some other jurisdiction. 12 A. & E. P. & P., 185; Wolfe v. Willingham, 43 Texas Civ. App., 167.

By filing a plea to the jurisdiction of the court upon the alleged ground that the court has not jurisdiction to entertain the suit, a defendant waives his right to afterwards file a plea of personal privilege of being sued in some other county. Whittaker v. Whittaker, 78 Tenn., 96; Gomer v. Shiner, 4 Colo., 246; Simond v. Harper, 1 Met. (Mass.), 508; Jolly v. Pryor, 33 S. W., 889, 12 Texas Civ. App., 149; Floyd v. Gibbs, 34 S. W., 155; Hall v. Howell, 56 S. W., 562; McLain v. McCallum, 72 S. W., 1027; 2 U. C., 375, 51 S. W., 525.

*W. S. Ryan* and *N. A. Rector,* for appellees.—An order of the court vacating and setting aside a former judgment of the court is not a final judgment from which an appeal can lie, and this court is without jurisdiction to hear and determine any of the many supposed errors assigned in the transcript. Stewart v. Jones, 9 Texas, 469.

The motion in this case as originally filed was in the nature of a

bill of review filed under the provision of the statute, article 1375; and the amended petition on which the court finally acted, amending the first subdivision of the petition, was in compliance with article 1376, Revised Statutes; but it was immaterial in what form the proceeding was presented. Keator v. Case, 31 S. W., 1099; Miles v. Dana, 13 Texas Civ. App., 240.

Counsel for appellant contends that the plea of personal privilege in this suit was waived because appellees had first filed a motion or petition to vacate the judgment which had been rendered on January 2, 1906. This position can not be maintained. Appellant contends that the appellees had not only been sued, but that he had obtained a judgment against them. Appellees must necessarily set the judgment aside in order that they may make appearance in the court for any purpose. When the judgment was set aside, appellees were then before the court as if no judgment had ever been entered, and being in this attitude they had the legal right, which they exercised, to file their plea of personal privilege, and, under the present statute, to have the cause against them removed to the District Court of Menard County where the land lies.

KEY, ASSOCIATE JUSTICE.—August 18, 1905, Charles Wolf commenced a suit in the District Court of Travis County for the recovery of and to remove cloud from the title to a tract of land situated in Menard County. Ludwig J. Sahm and his heirs and the heirs of his heirs were designated as the defendants in that suit, and the plaintiff alleged in his petition that the residences of the defendants were unknown and sought to procure service upon them by publication.

January 2, 1906, a judgment was rendered against the defendants and in favor of the plaintiff as prayed for in his petition. Before the judgment was rendered, and as required by statute, the court appointed an attorney to represent the defendants served by publication, and that attorney appeared and filed an answer for the defendants.

On December 19th, 1907, Albert Sahm, and certain other persons alleged to be the only heirs of Ludwig J. Sahm, filed in the District Court of Travis County and in the case referred to two motions to set aside and vacate the decree referred to. Charles Wolf, by his attorney of record, accepted notice of both motions and filed an answer thereto.

On January 21, 1908, the defendants filed an instrument endorsed "Amendment to petition to vacate," to which Charles Wolf filed an answer.

January 15, 1908, the court overruled all the demurrers and exceptions of the respective parties. On April 2, 1908, the court entered an order which, omitting formal parts and preliminary recitals, reads as follows:

"It is therefore considered, ordered and adjudged by the court that this judgment heretofore rendered in this cause on to wit, the 2d day of January, A. D. 1906, be and the same is hereby vacated, set aside and held for naught."

On April 22, 1908, Charles Wolf filed an appeal bond for the purpose of appealing from the order referred to. On April 2, 1908, Albert Sahm and the other persons above referred to as the only heirs of

Ludwig Sahm, and styling themselves defendants, filed a plea of privilege in the original suit, setting up in proper form their right to be sued in Menard County.

April 15th, 1908, Charles Wolf filed exceptions to that plea. The plea referred to was continued by the court until the next term without prejudice.

On June 26, 1908, the court overruled Wolf's exceptions to the plea of privilege and sustained that plea, and transferred the case to the District Court of Menard County, in accordance with the Act of the Thirtieth Legislature approved April 18, 1907, which provides that when a plea of privilege to be sued in some other county is sustained, the court shall order the venue changed to the proper court of the county having jurisdiction, which act contains a proviso reserving the right of appeal where such a plea is sustained. Wolf gave notice of appeal from that order, and in due time filed an appeal bond.

The case is presented in this court on numerous assignments of errors in behalf of appellant Wolf, the most of which relate to the proceedings which resulted in the order setting aside the original decree in favor of Wolf. Counsel for appellees contend that the questions referred to are prematurely presented and can not be considered by this court for the reason that no right of appeal exists from an interlocutory order, setting aside a judgment and awarding a new trial. That contention is supported by many decisions in this State and by the case of Stewart v. Jones, 9 Texas, 469, which was a case where upon a petition in the nature of a bill of review seeking to set aside a former judgment the court made an order to the effect that the judgment be set aside and held for naught, that a new trial be granted, etc. Chapter 17 of title 30 of the Revised Statutes is devoted to the subject of new trials, and arrest of judgment, and runs from article 1370 to article 1378 inclusive. Article 1375 reads as follows:

"In cases in which judgment has been rendered on service of process by publication, where the defendant has not appeared in person or by an attorney of his own selection, a new trial may be granted by the court upon the application of the defendant for good cause shown, supported by affidavit, filed within two years after the rendition of such judgment."

It is under that statute that the appellees in this case sought a new trial, and if the procedure which they adopted to accomplish that result and the order of the court made thereon did not constitute an original suit and a judgment rendered in such original suit, but was merely a continuation of the former suit, then the order referred to is interlocutory and can not be appealed from. Expressions and statements in the opinion of Judge Dulaney in O'Neill v. Brown, 61 Texas, 39, and in the opinion of Judge Watts, in Brown v. Brown, 61 Texas, 48, tend to support the proposition that a proceeding under the statute quoted is an original suit, and not merely a motion for a new trial. However, it was not necessary in either of those cases to decide that point, and the expressions referred to may be regarded as dicta of the judges writing the opinions. In fact, Brown v. Brown was not a case of service by publication; and in O'Neil v. Brown, while there was service by publication and an application at a subsequent term to set

aside the judgment, it was not necessary, as the case was presented on appeal, to decide whether the petition to have the judgment set aside was the institution of a new suit or a continuation of the old suit; and the case of Taylor, Knapp & Co. v. Fore, 42 Texas, 256, cited by Judge Dulaney in support of his dictum, was an equitable suit in the nature of a bill of review, seeking, for equitable reasons, to prevent the enforcement of a judgment. It was not a case in which service had been obtained by publication, and was not a proceeding under the statute seeking to have a judgment obtained upon such service set aside.

In Miles v. Dana, 13 Texas Civ. App., 240, it was held by the Court of Civil Appeals for the First District that the statute referred to merely extended the time within which a defendant served by publication and not represented by an attorney of his own selection might present a motion for a new trial. In Glaze v. Johnson, 27 Texas Civ. App., 116, the question was directly involved, and the Court of Civil Appeals for the First District followed its ruling in Miles v. Dana, supra, and 'the Supreme Court refused a writ of error in that case. We have examined the application for writ of error in that case now on file in the Supreme Court, and find that the question was distinctly presented and necessarily passed upon by the latter court. In fact, in the written argument accompanying that application the case of O'Neil v. Brown was cited and quoted from. Hence we conclude that it is settled by Glaze v. Johnson, supra, that a proceeding under article 1375 of the Revised Statutes, seeking to have a former judgment or decree set aside, is not an original suit but is, in fact and substance, a motion for a new trial and a continuation of the former suit; and, such being the case, we hold that appellant can not prosecute an appeal from the order made in this case vacating the former judgment. Furthermore, in the opinion of the writer, and speaking for himself only, if the proceeding instituted by appellees should be held to constitute an original suit, the judgment rendered therein is not a final judgment, and therefore will not support an appeal. (Gross v. Mc-Claran, 8 Texas, 341; Taylor, Knapp & Co. v. Fore, supra.) In the cases cited it was held that a judgment which merely vacates and sets aside a former judgment, without otherwise disposing of the rights of the contesting parties, was not such final judgment as would support an appeal.

The appeal from the judgment sustaining the plea of privilege and transferring the case to Menard County, is limited to that specific matter, and does not confer power upon this court to revise any other ruling. So, if error was committed in setting aside the former judgment this court has no power, on this appeal, to revise such error.

These rulings eliminate all the assignments of error except the 14th and 15th, which relate to the action of the court in sustaining the plea of privilege to be sued in Menard County, the contention being that that plea was waived, because in the petitions or motions for new trial appellees had set up other defensive matters. It is true that, while article 1194 of the Revised Statutes prescribes that suits concerning lands shall be brought in the counties where the lands are situated, still, District Courts have the power to try such suits, regardless of the county in which the land is located, and the statute

referred to merely secures to a defendant a personal privilege to be sued in a particular county. It is also true that the general rule is that the privilege referred to is waived when a defendant files a plea to the merits before asserting his privilege to be sued in another county. However, when it appears upon the face of the plaintiff's petition that the venue of a suit has been improperly laid, the question of venue can be raised by a special exception to the petition. (Townes on Texas Pleading, 238; Kansas City P. & G. Ry. Co. v. Bermea Land & Lumber Co., 54 S. W., 324.)

In this case, on the same day that the court made the order setting aside the former judgment, appellees filed a plea of privilege to be sued in Menard County, which plea was in due form and was sustained by the court, as heretofore stated. Appellant contends that that plea was waived, because appellees in their motions seeking to set aside the former judgment set up defensive matters relating to the merits of the suit. We are of opinion that the documents in question were not pleadings, in the sense referred to in the decisions which hold that a plea presenting the question of venue must precede a plea to the merits or be regarded as waived. It was necessary for appellees to get the former judgment set aside before they could file an answer to the plaintiff's petition, and the documents filed by them for the purpose of accomplishing that result were intended for that purpose only, and not as pleas upon which to try the case. However, in the very beginning of the first two motions filed by appellees, the question of appellant's right to maintain his suit in Travis County was raised in such form as indicated clearly that appellees did not intend to waive their rights in that regard. The plaintiff's petition is not incorporated in the transcript, and it may be that it showed upon its face that appellees were entitled to be sued in Menard County. If it did, then if the motions for new trial be regarded as pleadings, in the very beginning of each is an objection to the venue being in Travis County, which objection we think the court had the right to regard as equivalent to an exception to the petition upon that ground.

This case is different from Wolf v. Willingham, 94 S. W., 362. In that case the defendant, who was sued in Travis County for the recovery of land situated in Mason County, excepted to the plaintiff's petition upon the ground that, as the petition disclosed the facts referred to, it showed that the court had no jurisdiction of the subject matter; and this court held that the exception did not present the question of venue. In one of the original motions filed by appellees they stated in the beginning of it, and as a part of the first sentence, that they did not waive, but reserved, their right to present a plea of personal privilege to be sued in Menard County; and in the other motion filed on the same day they asserted that the suit should have been brought in Menard County, and could not properly have been brought in Travis County for want of jurisdiction of the District Court of Travis County to entertain and try the suit. In neither of them was it specifically asserted that the District Court of Travis County did not have jurisdiction of the subject matter; and we think it is manifest from the beginning sentence of one of them that appellees were

attempting to reserve, and did not intend to waive, their right to object to the case being tried in Travis County, in the event of the judgment's being set aside. The case of Hall v. Howell, 56 S. W., 561, decided by the Court of Civil Appeals for the First District, and relied on by counsel for appellant, is not entirely analogous, because in that case, in seeking to have a judgment by default set aside, the defendant presented two other reasons before urging the fact that he lived in another county and should have been sued in the county of his residence. However, if it was the intention of the court in that case to hold that it was necessary to file a formal plea of privilege to be sued in another county prior to filing a motion for a new trial, we are not prepared to concur in that holding; and especially so, since the statute has been so amended as to render a plea of privilege, in effect, an application for change of venue.

Appellant's contention that the amended petition filed by appellees waived whatever right may have been preserved in the former documents concerning the question of venue, is not regarded as tenable, because it was stated in the first subdivision thereof, and before alleging any other material fact, that appellees did not waive, but specially reserved, their right to present their plea of personal privilege to be sued in Menard County. Of course, if the proceedings referred to constituted a new suit, then appellees occupied the position of plaintiffs in an original suit, and would not be permitted to raise the question of venue. But, for reasons already stated, we hold that they did not constitute an original suit, and were merely a continuation of the former suit. Furthermore, since the Thirtieth Legislature amended the statute so as to require the court to change the venue when a plea of privilege to be sued in another county is sustained, it is by no means certain that the general rule as to waiver of such pleas should be followed in all cases. In other words, under the law as it now stands, such a plea is tantamount to an application to change the venue; and the right to file such application is not waived by a previous answer to the merits. In this case the verified applications upon which the judgment was set aside stated that appellant had brought a suit in the District Court of Menard County (where the land was situated) against appellees' tenant in possession, seeking to recover the same land that is involved in this case; that appellees had been made parties to that suit; that they had no knowledge of the existence of this suit or the judgment rendered therein, until a copy of the judgment was offered in evidence by appellant at the trial of the Menard County suit; whereupon, on appellees' application, the court arrested the trial and postponed that case in order that appellees might have time to present an application to set aside the judgment in this case. In view of these facts, which were not disputed, the fact that this suit ought to have been brought in Menard County in the first instance, and the fact that the statute authorizes a change of venue for any "good and sufficient cause," it would seem that the action of the court in sustaining the plea of privilege can be sustained as a change of venue. Change of venue is largely a matter of discretion on the part of the court, and action in that regard will not be revised on appeal, unless

injustice has been done or some principle of law violated. (City of San Antonio v. Jones, 28 Texas, 30.)

In the court below appellees attacked the service of citation upon which the judgment was rendered, the contention being that there was not sufficient publication to constitute statutory service. The trial court sustained that contention; but, while appellant assails that ruling in his attack upon the action of the court in vacating the judgment (which action we have no jurisdiction to revise), he does not complain of it in that portion of his brief which is addressed to the order sustaining the plea of privilege and changing the venue; and therefore we deem it unnecessary to decide whether or not the statute was complied with in perfecting the service by publication.

Our conclusion is that no reversible error has been shown, and that the judgment should be affirmed, and it is so ordered.

*Affirmed.*

### ON MOTION FOR REHEARING.

Appellant's motion for rehearing and the strong argument presented in support of it have received careful consideration, but this court is still of the opinion that its judgment heretofore rendered is correct. We have re-examined the question and are confirmed in the view that a proceeding instituted under article 1375 of the Revised Statutes, for the purpose of obtaining a new trial, does not constitute an original suit, but is merely a continuation of the former suit, as held in our former opinion in this case.

It is evident that the article referred to was intended to enlarge the rights of and confer a benefit upon a certain class of litigants, viz., defendants who had been served by publication and had not appeared, either in person or by attorneys of their own selection. It is an old and well-settled principle which authorizes an independent suit based upon equitable grounds for the purpose of preventing the enforcement of an unjust judgment, and it required no legislative enactment to confer that right upon the class of persons referred to in article 1375, or upon any other class of persons. Furthermore, such an action is not barred until the expiration of four years after the judgment was obtained. (McLean v. Stith, 112 S. W., 355.) Article 1375 requires the proceedings therein authorized to be filed within two years after the rendition of the judgment. Hence it will be seen that if the contention urged by appellant's counsel be adopted, and proceedings under article 1375 be held to constitute a new and separate suit based upon equitable grounds, then, instead of enlarging any right or conferring any benefit, the statute would have the opposite result, in that it would restrict an existing right by curtailing the time within which such right could be asserted. It is manifest that the Legislature intended to confer upon the class of persons referred to in the statute a benefit not enjoyed by other litigants, and the only means by which such legislative intent can be accomplished is to construe the statute as extending the time within which such class of litigants may file a motion for a new trial.

The ruling of this court in Brown v. Dutton, 38 Texas Civ. App., 294, seems to be in conflict with our ruling in this case on the ques-

tion under consideration, and, on that point, that case may be considered as overruled.

　　　　　　　　　　　　　　　　　　　　　*Motion overruled.*

Writ of error refused.