## WOLF v. SAHM et al.

(Court of Civil Appeals of Texas.  March 1, 1911.  Rehearing Denied March 29, 1911.)

1. APPEAL AND ERROR (§ 1097*)—LAW OF THE CASE.

A decision of the Court of Civil Appeals affirming an order of a district court transferring a case to another district court for trial, followed by action of the Supreme Court denying a writ of error, is conclusive on the validity of the transfer of the case on a subsequent appeal involving such question.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4358–4368; Dec. Dig. § 1097.*]

2. NEW TRIAL (§ 163*) — ORDER GRANTING — EFFECT.

Granting new trial vacates the judgment rendered on the prior one.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 330–332; Dec. Dig. § 163.*]

3. NEW TRIAL (§ 163*) — ORDER GRANTING — EFFECT.

An order of court, directing that a case which has been tried once shall be transferred to another court of competent jurisdiction for trial, involves the fact that a new trial has been granted by the court making the order, and the prior judgment is thereby vacated.

[Ed. Note.—For other cases, see New Trial, Dec. Dig. § 163.*]

4. APPEAL AND ERROR (§ 1043*)—HARMLESS ERROR.

Where a district court properly transferred a case to another district court for trial on the merits, any error leading up to the transfer was not prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1043.*]

5. APPEAL AND ERROR (§ 719*)—FUNDAMENTAL ERROR—ASSIGNMENTS OF ERROR—NECESSITY.

The error in dismissing a suit without any ground appearing therefor is fundamental and necessitates a reversal, though the error is not assigned.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982; Dec. Dig. § 719.*]

Appeal from District Court, Menard County; Clarence Martin, Judge.

Action by Charles Wolf against L. J. Sahm and others. From a judgment of dismissal with costs against plaintiff, he appeals. Reversed and remanded.

On January 2, 1906, a judgment, reciting service by publication, was rendered in the district court of Travis county in favor of appellant, Chas. Wolf, against L. J. Sahm, the unknown heirs of L. J. Sahm and their unknown heirs and legal representatives for survey No. 164 in district No. 3, in Menard county, Tex. On December 19, 1907, appellees Albert Sahm, Louis Sahm, Malinda Sahm, now Krull, and her husband, Albert Krull, Paulina Sahm, now Fleury, and her husband, Louis Fleury, Rosa Sahm, now Stechhan, and Otto Stechhan, her husband, residents respectively of the states of Indiana, California, and New York, filed their motion in said court to set aside such judgment and grant them a new trial in the cause in which it was rendered, and transfer the case for trial to the district court of Menard county, Tex., where the land sued for is situated. As grounds for the motion they alleged that the cause was commenced August 18, 1905, by the plaintiff, Charles Wolf; that service was had on defendants Ludwig J. Sahm, his heirs and their heirs by publication; that the case was tried upon such service, the defendants therein being represented by an attorney appointed by the court; and that neither Ludwig J. Sahm, nor any of the parties defendant, none of whom were citizens and all nonresidents of the state of Texas

when the suit was instituted and the judgment rendered, had any knowledge whatever of the pendency of the suit or the rendition of said judgment until upon the trial of a suit instituted by plaintiff in the district court of Menard county on April 17, 1906, against Frank Wilhelm, who occupied the land as defendants' tenant, in trespass to try title to the land in controversy, when said judgment was offered in evidence by the plaintiff. On January 7, 1908, the motion was set for hearing on January 15, 1908, and on January 20th the plaintiff's demurrers and exceptions thereto were overruled, to which ruling the plaintiff excepted. On March 2, 1908, the court ordered the cause set by agreement for trial on March 7, 1908, and on the 9th it was reset for March the 27th. On April 2, 1908, a judgment or order, reciting that plaintiff, Chas. Wolf, appeared by written answer and written brief and argument, was rendered in the district court of Travis county setting aside and vacating the judgment rendered in the case on January 2, 1906, and continuing defendants' (appellees') plea of privilege to be sued in Menard county until the next term of court. To which judgment or order the appellant, Charles Wolf, excepted and gave notice of appeal to the Court of Civil Appeals of the Third Supreme Judicial District of Texas. On June 26, 1908, a judgment or order, reciting that the matter was taken up and determined by consent of all parties, and that evidence was heard, was entered in the district court of Travis county overruling the demurrer and exceptions of appellant, Wolf, to appellees' plea of privilege, and transferring the cause to Menard county, ordering the clerk to make transcript of orders and entries in the case and transmit same with the original papers to the clerk of the district court of Menard county, Tex., and also adjudging that appellees recover of appellant, Wolf, all costs incurred in the case and awarding execution therefor. To which judgment Wolf excepted and gave notice of appeal to the Court of Civil Appeals for the Third Supreme Judicial District of the state of Texas. The appeal was perfected, and on May 5, 1909, the Court of Appeals rendered in the case a judgment, which is as follows: "This cause came on to be heard on the transcript of the record, and the same being inspected, because it is the opinion of the court that there was no error in the judgment, it is therefore considered, adjudged, and ordered that the judgment of the court below be in all things affirmed, that the appellant, Chas. Wolf, principal, and his sureties, Sidon Harris and A. H. Newton, pay all costs in this behalf expended, and this decision be certified below for observance." Wolf, the appellant, then made application to the Supreme Court for a writ of error, which was refused. Afterwards, on March 19, 1910, on motion of appellant said judgment of the Court of Civil Appeals was corrected by it so as to show

that only the judgment sustaining the plea of privilege and transferring the case to Menard county had been affirmed. The transcript from the district court of Travis county, together with the papers in the case and mandate from the Court of Civil Appeals, were filed in the district court of Menard county on April 1, 1910, and the case docketed as No. 675, style, Chas. Wolf v. Ludwig J. Sahm et al. On April 5, 1910, the appellant, Charles Wolf, filed in the district court of Menard county a motion to strike the case from the docket at appellees' cost, alleging as the cause that the judgment of the district court of Travis county of April 2, 1910, vacating the judgment of April 2, 1906, was made without lawful power of said court, and that therefore the judgment of June 26, 1908, purporting to transfer the cause to Menard county for trial, was alike void. On hearing said motion, the district court of Menard county dismissed the case and adjudged all costs against the appellant, Charles Wolf, who excepted and gave notice of appeal to this court; and it is now before us on such appeal.

Sidon Harris, for appellant. W. S. Ryan and Moursund & Moursund, for appellees.

NEILL, J. (after stating the facts as above). As the judgment of the Court of Civil Appeals of the third district affirming the action of the district court of Travis county in transferring the case to the district court of Menard county for trial and adjudging all costs against appellant, Charles Wolf, and the action of the Supreme Court in denying his application for a writ of error from said judgment, must be taken by us as a final and conclusive adjudication of the legality and validity of such action of said district court of Travis county in so transferring the case and adjudging such costs, we overrule appellant's first, second, and third assignments, which are in substance that the district court of Menard county erred in refusing to strike the case from the docket at the costs of appellees because the judgment of the district court of Travis county in vacating the judgment of January 2, 1910, and transferring the cause to the district court of Menard county for trial was void. See Wolf v. Sahm, 120 S. W. 1114; Id., 121 S. W. 561.

It is not for us to criticise the opinions delivered in this case, but to observe them and see that they are followed. It is needless to remark that the effect of granting a new trial is to vacate the judgment rendered on the prior one, or that an order of a court directing a case which has been once tried to be transferred to another court of competent jurisdiction for trial conclusively involves the fact that a new trial has been granted by the court making such order. Else, why transfer the cause to another court? As to whether the order transferring the case and assessing the costs against.

appellant was interlocutory or final is a matter which does not in this case concern us. It was treated as a judgment final by the Court of Civil Appeals, otherwise it would not have entertained jurisdiction of appellant's appeal, and was so regarded by the Supreme Court, else it would not have taken jurisdiction of appellant's application for a writ of error, as is shown it did do by its denying the writ. See Act of April 18, 1907 (Gen. Laws 1907, p. 248). It would have been equally useless to have affirmed the action of the trial court in transferring the case to Menard county for trial, if the evident action of the district court of Travis county in granting defendants (appellees) a new trial were for any reason ineffective and void.

Appellant's assignments of error from the fourth to the ninth inclusive relate exclusively to proceedings in the district court of Travis county leading up to the transfer of the case from that court to the district court of Menard county which can in no way affect the trial of the case in the latter court, which should be on its merits, as though it had originated therein, and defendants (appellees) appeared and answered, just as any other case of trespass to try title should be. Therefore such assignments need not be further noticed.

While there was no error in the court's refusing to strike the case from the docket on plaintiff's (appellant's) motion, it was error for it to dismiss the suit; no ground or reason appearing in the record therefor. While such error is not assigned, we deem it fundamental and of such character as requires the reversal of the judgment.

It is needless to say that if another case between the same parties, involving the same subject-matter as this one, is pending in the district court of Menard county, a final judgment rendered in one upon a trial upon its merits will, in effect, likewise dispose of the other, and it, if not consolidated as it should be, can then be dismissed at the cost of the losing party.

The judgment dismissing the case is reversed, and the cause remanded for trial on its merits, and the costs of this appeal are assessed against the appellees.

Reversed and remanded.