### FARMER v. HOLT.

No. 3548.

Court of Civil Appeals of Texas. Amarillo.

Feb. 11, 1931.

Rehearing Denied March 18, 1931.

318

R. H. Templeton, of Wellington, for appellant.

Sanders & Scott, of Amarillo, for appellee.

HALL, C. J.

The appellee Holt, a resident of Wheeler county, sued appellant, R. E. Farmer, a resident of Collingsworth county, in the district court of Wheeler county, to recover the amount due on three vendor's lien notes, executed by R. E. Farmer.

The petition alleged that Farmer was a resident of Collingsworth county. It is not alleged that the notes or either of them were payable in Wheeler county, where the suit was filed.

■ Farmer answered, and by his original answer demurred generally to the plaintiff's petition, which is followed by what is called a "special exception," but which is, in legal effect, a general demurrer to the petition, setting out as grounds of the demurrer: "Because the petition nowhere alleges that said notes are payable in Wheeler County where the suit is filed, and does allege that the defendant resides in Collingsworth County." This is not a special exception, since it does not go to the manner and form of the pleading, but is a general demurrer which challenges the sufficiency of the petition to entitle plaintiff to maintain his suit against the defendant in Wheeler county.

Later the appellant Farmer filed his first amended original answer, in which he again "excepts to all of the plaintiff's petition and particularly all of that part of said petition wherein plaintiff attempts to allege a cause of action against this defendant in this court, because the petition on its face alleges that this defendant resides in Collingsworth County, Texas, and the said petition fails to allege that said notes are payable in Wheeler County, Texas, where this suit is pending, or any fact that would give this Court venue or jurisdiction of the person of this defendant and is wholly insufficient in law to give this Court jurisdiction of the person of this defendant on the matters in controversy or venue of this suit."

While this so-called "special exception" specifies the reason why the petition is insufficient, it is, as stated above, simply a general demurrer.

The trial court overruled this demurrer, and the case proceeded to trial. The court peremptorily instructed a verdict in favor of Holt for the amount sued for.

■■ The first proposition which challenges the ruling of the court upon the demurrer must be sustained. To entitle a plaintiff to maintain a suit in a county other than the one in which the defendant resides, he must, by his pleadings, as well as his evidence, bring his case clearly within one of the exceptions of the Venue Statute. Cohen v. Munson, 59 Tex. 236; Lee v. Gilchrist Cotton Oil Co. (Tex. Civ. App.) 215 S. W. 977.

R. S. (1925) art. 1995 provides: "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases." This is followed by thirty exceptions to the rule, and plaintiff's petition fails to bring his case within either of the exceptions. On the contrary, the petition upon its face shows that his suit should have been filed in Collingsworth county, which he alleges to be the residence of the defendant. The appellee insists that the court correctly instructed a verdict because appellant did not raise the issue of venue by a plea of privilege, and that the question could not be raised by a demurrer to the pleading. While one or two cases may be found by a Court of Civil Appeals so holding, the Supreme Court and other Courts of Civil Appeals specifically hold that, when it appears from the plaintiff's petition that the defendant resides in a county other than the one in which the suit is filed, and the petition does not bring the case within one or more of the exceptions to the Venue Statute, the question of venue may be raised by exception or demurrer. Bigham v. Talbot & Cropper, 51 Tex. 450; Masterson v. Cundiff, 58 Tex. 472; Lumpkin v. Blewitt (Tex. Civ. App.) 111 S. W. 1072 (writ of error refused); Wolf v. Sahm, 55 Tex. Civ. App. 564, 120 S. W. 1114, 121 S. W. 561 (writ of error refused); K. C. P. & G. Ry. v. Bermea L. & L. Co. (Tex. Civ. App.) 54 S. W. 324; Holmes v. Coalson (Tex. Civ. App.) 178 S. W. 628; Thomason v. Ham (Tex. Civ. App.) 210 S. W. 561; Thomson v. Locke, 66 Tex. 383, 1 S. W. 112; Seley v. Whitfield (Tex. Civ. App.) 46 S. W. 865.

Because the court erred in overruling the demurrer and proceeding to trial, and fur-

ther erred in instructing a verdict after the notes sued on had been introduced in evidence showing that they were not payable in Wheeler county, the judgment must be reversed.

Reversed and remanded.