**ARDREY et vlr. v. RUTH et ux.**

No. 13629.

Court of Civil Appeals of Texas. Dallas.

June 29, 1945.

Ray Holder, of Dallas, for appellants.

Hay, Kirk & Baggett, of Houston, for appellees.

BOND, Chief Justice.

This is an appeal from an order of a district court of Dallas County, Texas, sustaining a plea of privilege timely filed by appellees and transferring the cause for trial on its merits to a district court of Harris County, Texas. The suit is in the nature of a habeas corpus proceeding attacking the right of appellees to the custody of a minor child, on the ground that plaintiff, Mrs. Hortense Ardrey, nee Karner, is the child's mother and that custody of the child was obtained by appellees by force, threats and fraud, and on false representations, thereby inducing the mother to part with her custody.

The merits of the case are not before us, and are yet to be determined by the receiving court. Appellees reside in Harris County, and have had custody of the minor child, on order of adoption by a district court of that county, for more than five years next preceding the filing of this suit. The authorities declare that it is not within the province of appellate courts to pass upon the merits of a cause of action on appeal from an interlocutory order, or to consider any matters which do not relate to the propriety of the order appealed from, and this rule has been applied to orders overruling and sustaining pleas of privilege. Lind v. Merchants' State Bank, Tex.Civ.App., 16 S.W.2d 385; United Chemical Co. v. Leathers, Tex.Civ.App. 285 S.W. 918; Wolfe v. Sahm, 55 Tex. Civ.App. 564, 120 S.W. 1114; Id., 55 Tex. Civ.App. 564, 121 S.W. 561.

This appeal is without a statement of facts, hence we must assume that the judgment below is fully supported by evidence as to venue of the cause. Venue of suits for readjudication or involving the custody of minors, is definitely fixed in the county of the residence of the minor, or custodian of the minor to whom custody has been awarded by a court of competent jurisdiction. Flannery v. Eblen, Tex.Civ. App., 106 S.W.2d 837, error dismissed; Lakey v. McCarroll, 134 Tex. 191, 134 S. W.2d 1016; Wilson v. Wilson, 137 Tex. 528, 155 S.W.2d 601; Conlee v. Burton, Tex.Civ.App., 188 S.W.2d 713. In the case here, the Harris County District Court having awarded the child to appellees, and the custodian and the child being residents

of that county, if there is any vice in the award, venue is in Harris County. We express no opinion on the merits of this cause challenging the validity of the order of adoption, leaving that for the determination of the court to which the case has been transferred by the court below.

Judgment affirmed.