**C. L. COLLIER and W. F. Armstrong, Appellants,**

v.

**C. W. ANDERSON et al., Appellees.**

No. 4162.

Court of Civil Appeals of Texas.

Waco.

Oct. 17, 1963.

Dawson & Dawson, Joe D. Meroney, Corsicana, for appellants.

King & Smith, Houston, for appellees.

TIREY, Justice.

This is an appeal from an interlocutory order of the District Court overruling the respective pleas of privilege of appellants Collier and Armstrong to be sued in Navarro County (their residence). Evidence was tendered to the effect that on the 8th day of November 1962, about 9:45 P.M., Manuel Lee Anderson was operating a Comet automobile driving south on highway #75 about 2.9 miles below Centerville in Leon County, and while he was operating his car in the traffic lane provided for traffic moving in a southerly direction the automobile in which he was riding was struck by the left dual wheels of the truck-trailer driven by defendant Armstrong, who, at that time, was in the employ of defendant Collier in the course of his employment as such employee, and as a result of Armstrong's operation of the truck in attempting to pass another motor vehicle moving in the traffic lane provided for motor vehicles moving in a northerly direction, pulled his truck into the traffic lane provided for traffic moving in a southerly direction, and as a result struck the Comet automobile, causing the accident that resulted in the death of Anderson. Plaintiffs filed their original petition against Collier and Armstrong on February 6, 1963, and thereafter the Court on the 12th day of March 1963, rendered judgment by default against Collier for the sum of $108,-000.00, and further decreed that Armstrong be dismissed with his costs. The Court, on the 23rd day of March 1963, overruled mo-

tion filed by Collier on the 20th day of March 1963, to set aside the judgment, and in the order we find this recital:

"and the court having considered the circumstances and being fully informed in the premises was of the opinion that said motion should be denied, but default judgment should be set aside on motion of the court,"

and decreed accordingly. And the order further provided that the alleged action asserted against Armstrong be reinstated. Thereafter defendant Collier and defendant Armstrong filed their separate pleas of privilege to be sued in Navarro County. These pleas were seasonably controverted, and the cause was tried by the court without the aid of a jury, and each of the pleas of privilege was overruled and appeal was perfected to this Court. There was no request for findings of fact and conclusions of law, and none filed.

Points 1 to 4 inclusive assail the judgment substantially on the grounds that there was no evidence and insufficient evidence before the Court to support the findings of negligence and of proximate cause.

We have carefully considered all the evidence tendered and we are of the view that it is of sufficient probative force to sustain the Court's implied findings of negligence against Armstrong, and that such negligence was the proximate cause of the accident and resulting injuries to the plaintiffs. Owing to the fact that the cause must be tried on its merits we refrain from making any further comment on the testimony. We think the Court's action in overruling the plea of privilege is sustained by the doctrine announced by our Supreme Court in Banks v. Collins, 152 Tex. 265, 257 S.W. 2d 97 (points 3, 4), and cases there cited. Under the views here expressed point 5 becomes immaterial and passes out of the case. (Point 5 is to the effect that the Court erred in holding that Collier waived his right to be sued in the county of his residence by filing and securing action on his motion to set aside the default judgment). However, if we could reach it, it would have to be sustained under the doctrine announced in Wolf v. Sahm, 55 Tex.Civ.App. 564, 120 S. W. 1114, point p. 1117 (1909); same case, 55 Tex.Civ.App. 564, 121 S.W. 561, (w. ref.,). See Spinnler v. Armstrong, Tex. Civ.App., 63 S.W.2d 1071 (n. w. h.), pt. p. 1075; Turner v. Ephraim, Tex.Civ.App., 28 S.W.2d 608 (n. w. h.); Yell v. Prock, Tex. Civ.App., 238 S.W.2d 238 (w. dis.,).

The judgment of the trial court is affirmed.