**810** 

M. Lane POWERS, Investment
Builder, Appellant,

v.

JULIUS O. SMITH AND ASSOCIATES,
INC., and Julius O. Smith,
Jr., Appellees.

No. 10–81–059–CV.

Court of Appeals of Texas,
Waco.

Jan. 21, 1982.

Jack D. Nolan, Nolan & Vander Lyn,
Yocel Alonso, Houston, for appellant.

Dan Hennigan, Houston, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Powers from judgment that he take nothing against defendants Smith et al in suit for damages for breach of a lease agreement.

Plaintiff sued defendants alleging plaintiff, by written lease, leased to defendants "Approximately 330 square feet on the First Floor of 1110 NASA ONE, located at 1110 NASA ONE in the City of Houston, Harris County, Texas; said space being more particularly described on a Floor Plan attached hereto and marked Exhibit 'A'. Said office space being Suite 102 in the aforementioned office building"; that the lease was for 3 years; that defendants were to pay $217.80 per month; that defendants did not pay; that plaintiff released the office space to mitigate defendants' damages; that the rents due plaintiff from defendants total $1,633.50 for which plaintiff sues.

Defendants filed general denial, and plead the lease agreement was unenforceable under the Statute of Frauds Art. 26.-01(b)(5) for the reason that the description of the demised premises is uncertain and non-existent; and prayed plaintiff take nothing.

The trial court rendered judgment on the pleadings "that there is no genuine issue of any material fact that the lease agreement upon which plaintiff's claim is based, does not comply with the Statute of Frauds, and that Defendants are therefore entitled to judgment as a matter of law", and decreed plaintiff take nothing.

Plaintiff appeals asserting the trial court erred in granting judgment on the pleadings "because no ambiguity existed with regard to the description of the premises; that if ambiguity existed parol evidence was admissible to resolve the doubts and identify the leased premises; that the defective description if any was the result of a mutual mistake and plaintiff was entitled to reformation to reflect the correct description; and that the Statute of Frauds is inapplicable to the case".

Plaintiff plead that the lease was in writing, it described the leased area by building name, address, the floor, the amount of space, and suite number.

Defendants (appellees) assert in their brief that the issue is "whether or not a lease of '330 square feet on the first floor' is described with reasonable certainty to satisfy the Statute of Frauds".

■ Defendants did not except to plaintiff's petition and thus waived "every defect, omission or fault either of form or substance" under Rule 90 TRCP. *Gonzalez v. Regalado*, Tex.Civ.App. (Waco) NRE, 542 S.W.2d 689, 692.

We sustain plaintiff's points, reverse the judgment and remand the case.

The trial court rendered judgment for defendants on the pleadings apparently finding and holding that the recited description of the leased premises in plaintiff's petition did not satisfy the Statute of Frauds and was insufficient.

Plaintiff's pleading was sufficient absent special exceptions by defendants (and may have been sufficient any way).

■ Had defendants filed special exceptions which were sustained by the court, plaintiff would have an opportunity to amend as a matter of right. Only after a party has been given an opportunity to amend after special exceptions are sustained may a case be dismissed for failure to state a cause of action. The protective feature of special exception procedure should not be circumvented by judgment on the pleadings, and to do so would revive the general demurrer discarded by Rule 90 TRCP. *Texas Dept. of Corrections v. Herring*, Tex., 513 S.W.2d 6, 9; *Lewter v. Dallas County*, Tex.Civ.App. (Waco) NRE, 525 S.W.2d 885, 888.

REVERSED & REMANDED.