M. Lane POWERS, Investment Builder, Appellant,

v.

Julius O. SMITH, Appellee.

No. 10–81–060–CV.

Court of Appeals of Texas, Waco.

Jan. 21, 1982.

Rehearing Denied Feb. 18, 1982.

Jack D. Nolan, Nolan & Vander Lyn, Yocel Alonso, Houston, for appellant.

Dan Hennigan, Houston, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff from summary judgment he take nothing against defendant Smith in suit for damages for breach of a lease agreement. This is a companion case to 10–81–059–CV *Powers v. Smith et al.,* Tex.App., 627 S.W.2d 810 handed down this date.

Plaintiff sued defendant alleging plaintiff by written lease, leased to defendant "approximately 780 square feet on the Sixth Floor of 1110 Nasa Road One. Located at 1110 Nasa One in the City of Houston, Harris County, Texas; said space being more particularly described on a Floor Plan attached hereto and marked Exhibit 'A'. Said office space being Suite 600 in the aforementioned office building"; that the lease was for 3 years; that defendant was to pay $538.20 per month; that the rents due plaintiff from defendant totals $7,803.90 for which plaintiff sues.

Defendant filed a general denial, and plead the lease agreement was unenforceable under the Statute of Frauds, Art. 26.-01(b)(5) for the reason that the description of the demised premises is uncertain and non-existent.

Defendant filed motion for summary judgment that plaintiff take nothing in "that the description of the leased premises contained in said lease is defective and does not comply with the Texas Statute of Frauds and related case law."

The trial court granted such motion for summary judgment and decreed plaintiff take nothing.

Plaintiff appeals asserting the trial court erred in granting summary judgment "because no ambiguity existed with regard to the description of the premises; that if ambiguity existed parol evidence was admissible to resolve the doubts and identify the leased premises; that the defective description if any was the result of a mutual mistake and plaintiff was entitled to reformation to reflect the correct description; and that the Statute of Frauds is inapplicable to the case".

Plaintiff plead that the lease was in writing, it described the leased area by building name, address, the floor, the amount of space, and suite number.

Defendant (appellee) asserts in his brief that the issue is "whether or not a lease of 780 square feet of a floor containing 9055 square feet is described with reasonable certainty".

■ Defendant did not except to plaintiff's petition and thus waived "every defect, omission or fault either of form or substance" under Rule 90 TRCP. *Gonzalez v. Regalado*, Tex.Civ.App. (Waco) NRE, 542 S.W.2d 689, 692.

We sustain plaintiff's points, reverse the judgment and remand the case.

■ The trial court rendered summary judgment for defendant apparently finding and holding that the recited description of the leased premises in plaintiff's petition did not satisfy the Statute of Frauds and was insufficient.

Plaintiff's pleading was sufficient absent special exceptions by defendant (and may have been sufficient any way).

■ Had defendant filed special exceptions which were sustained by the court, plaintiff would have an opportunity to amend as a matter of right. Only after a party has been given an opportunity to amend after special exceptions are sustained may a case be dismissed or resolved by summary judgment, for failure to state a cause of action. The protective feature of special exception procedure should not be circumvented by motion for summary judgment on the pleadings, and to do so would revive the general demurrer discarded by Rule 90 TRCP. *Texas Dept. of Corrections*

*v. Herring*, Tex., 513 S.W.2d 6, 9; *Lewter v. Dallas County*, Tex.Civ.App. (Waco) NRE, 525 S.W.2d 885, 888.

REVERSED & REMANDED.