## UNITED CHEMICAL CO. et al. v. LEATHERS. (No. 7599.)

(Court of Civil Appeals of Texas. San Antonio. June 9, 1926. Rehearing Denied June 23, 1926.)

**1. Pleading ☞110.**

Defendant waived plea of privilege by not filing it until after case was regularly called for announcement, and default judgment with writ of inquiry was rendered.

**2. Appeal and error ☞874(1).**

Propositions of law directed at default judgment, which defendant could not appeal from present nothing for review on appeal from interlocutory order overruling plea of privilege.

**3. Appeal and error ☞759.**

Assignments of error, not in appellant's brief, cannot be considered.

**4. Appeal and error ☞742(3).**

Assignments of error "in failing to sustain" and "in overruling" plea of privilege are sufficient, but as propositions of law are too general for consideration.

**5. Appeal and error ☞742(3).**

Propositions of law, supported by no record statement, except part of motion to set aside default judgment and for new trial, cannot be considered on appeal from order overruling plea of privilege.

**6. Appeal and error ☞843(2)—Whether all parties contributing to injury may be joined in suit, where injury was done, need not be considered on appeal from order overruling plea of privilege by one against whom no cause of action was shown.**

Whether all parties whose negligence contributes to injury may be joined in same suit, where injury was done, need not be considered on appeal from order overruling plea of privilege, where no cause of action against appellant was shown.

**7. Appeal and error ☞863—On appeal from order overruling plea of privilege, court cannot pass on merits of whole case, or existence of cause of action against defendants not insisting on privilege, but must take cognizance of absence of cause of action against appellant.**

Court of Civil Appeals, on appeal from order overruling plea of privilege, cannot pass on merits of whole case, or existence of cause of action against defendants not insisting on privilege, but must take cognizance of absence of cause of action against appellant.

Appeal from District Court, Hidalgo County; J. E. Leslie, Judge.

Action by John D. Leathers against the United Chemical Company, the Sugarland Industries, and others. From interlocutory orders overruling pleas of privilege, the named defendants appeal. Affirmed in part, and reversed and rendered in part.

Currie McCutcheon, of Dallas, Riley Strickland, of Sugarland, and Baker, Botts, Parker & Garwood, of Houston, for appellants.

Dawson, Henry & Walker, of Mission, for appellee.

SMITH, J. This appeal is from interlocutory orders overruling pleas of privilege. The action was brought in Hidalgo county for damages for personal injuries alleged to have been sustained by appellee Leathers in the explosion of a carboy, or bottle, of sulphuric acid, which had been the property, successively, of the Sugarland Industries, a trust estate, the United Chemical Company, and the Peden Iron & Steel Company, and shipped by the latter over the line of the St. Louis, Brownsville & Mexico Railway Company to the city of Mission, the consignee and purchaser from the Peden Company. Appellee, as a member of the volunteer fire department of the city of Mission, was handling the bottle of acid after it was delivered to and stored by the city in its fire station, and while being so handled by appellee the acid exploded and injured appellee, who brought this action against all the parties named, except the city of Mission, together with individual members of the Sugarland Industries. Neither of the parties sued was a resident of Hidalgo county, within the contemplation of the venue statutes. The Sugarland Industries and United Chemical Company each filed a plea of privilege to be sued in the county of its residence. The Sugarland Industries and its constituent members reside in Ft. Bend county, and the United Chemical Company is domiciled in Dallas county.

The sulphuric acid appears to have been bottled by the Little Rock Picron Industrial

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Company at its plant in Little Rock, Ark. The products of that concern were purchased in carload lots by the Sugarland Industries, which distributed them in like quantities to the wholesale trade in Texas, on consignment, to be paid for by the wholesaler when he resold it to his customers. The Sugarland Industries never had physical custody or control of the product, which was always shipped from the Little Rock plant direct to the wholesaler, who stored it in his own warehouse until he resold and shipped it to his customers. The bottle of acid in question was contained in a carload lot sold by the Sugarland concern on consignment to the Peden Company, and, as usual, shipped by the Little Rock Manufactory direct to the Peden Company at San Antonio, which stored the product in its warehouse there. This was in January, 1922. Three months later, in April, 1922, the Sugarland Industries sold all of its product of this nature, including the particular acid here in question, to the United Chemical Company, which left the product on consignment with the Peden Company at San Antonio. The transaction remained in this status for nearly three years, until February, 1925, when the Peden Company sold the acid in question to the city of Mission for the use of its fire department, shipping it over the lines of the San Antonio & Aransas Pass and St. Louis, Brownsville & Mexico Railway Companies; the latter delivering it at the destination to the city of Mission, which accepted delivery of it and placed it in the city's fire hall. Subsequently appellee undertook, with the aid of a fellow fireman, to move the bottle of acid from one position in the fire hall to another, and while he was so engaged the acid exploded and injured him.

It appears that the bottom of the crate inclosing the glass container of the acid was loose when delivered by the railway company to the drayman at Mission; that the drayman "lifted the top part of the crate off, and then handled the glass carboy, loaded it into the dray wagon, then placed the old crate over it, and that it was unloaded (into the fire station) in a similar manner." The carboy of acid was delivered to the Peden Company at San Antonio in "good condition," the "wooden containers were in good and sound condition when they left the warehouse of Peden Iron & Steel Company for shipment to Mission," and "the carboy and crate were in the same condition when they left the warehouse of the Peden Iron & Steel Company that they were received in." Neither the Sugarland Industries nor the United Chemical Company had anything to do with bottling or crating the acid, never had the latter in their control or possession, and had no contractual relation with the city of Mission, and neither of the parties defendant had any contractual relation with appellee, Leathers, who was an employé of the city of Mission.

The foregoing statement is made from the agreed facts disclosed in the hearing upon the pleas of privilege. In his petition appellee based his right to recover upon allegations that the several defendants were guilty of negligence in improperly packing and crating the acid, and selling and delivering it in that condition, in failing to safeguard the acid against explosion, in marking the acid so as to indicate it had been properly packed, crated, tested, and inspected, when in fact it was not so, and in delivering it without warning of its inherently dangerous qualities, of which appellee was ignorant.

[1] The term of court to which this suit was returnable convened on November 2, 1925, but the United Chemical Company did not file its plea of privilege until November 28. In the meantime the case had been regularly called for announcement, and judgment by default had been rendered against that company, and writ of inquiry awarded. By this procedure that defendant waived its right to plead its privilege, which could not be revived by a plea subsequently filed.

[2] After filing its plea of privilege, which had come too late, the Chemical Company filed a motion to set aside the judgment by default previously rendered against it and to grant it a new trial, which motion the court overruled, whereupon the court also heard and overruled the plea of privilege, which had been duly controverted. The Chemical Company did not undertake to appeal from the interlocutory judgment by default, as, of course, it could not do; but it has prosecuted an appeal from the interlocutory order overruling its plea of privilege. Notwithstanding this condition of the record, six of the eight propositions of law propounded by the Chemical Company are directed at the action of the court in rendering judgment by default against that company, which judgment it vigorously assails and seeks to revise. There being no appeal from that judgment, however, there is nothing for this court to review on that branch of the case.

[3] No assignments of error have been brought forward into the Chemical Company's brief, and therefore the assignments filed below are not properly before this court, and, under familiar statutes, rules, and decisions, cannot be considered.

[4, 5] By reference to the transcript it appears that the Chemical Company's two assignments of error relating to its plea of privilege are identical in language with its propositions of law thereon: First, that "the court erred in failing to sustain" appellant's plea of privilege; and, second, that "the court erred in overruling" said plea. The assignments in that form would be sufficient, if copied in appellant's brief, but the propositions are obviously too general for consideration. They are rendered doubly so by the failure of appellant to present any statement under them, except to quote a part of its mo-

tion to set aside the default judgment and for new trial on the merits, which is not before this court for review, and bears no relation to the plea of privilege.

So, to sum up the case made here by the United Chemical Company, it waived its plea of privilege in the court below by not filing it until after the case was regularly called for announcements, and judgment by default with writ of inquiry had been rendered against the complaining defendant. It waived its assignments of error by not including them in its brief. It has presented its propositions of law in such general form. that they cannot be considered, and has further cut them off from consideration by failing to support them with appropriate statements from the record. It has, in fact, devoted its entire energies on appeal to complaints of the judgment by default, which is not before this court for any purpose.

[6] In his affidavit controverting the plea of privilege filed by the Sugarland Industries and its shareholders, appellee sets up various grounds by which he seeks to lay the venue in Hidalgo county, but on appeal urges only one of these grounds, which he presents in his one proposition of law relating to the question of venue, to wit:

"All parties, who, by their negligent acts contribute to the injury of another, are joint tort-feasors, and all may be joined in the same suit where the injury was done."

Appellee refers to no statute, and presents no authorities, in support of this proposition; if he seeks by that proposition to bring the case within any of the exceptions to exclusive venue designated in the statute, he has not pointed out such exception by direct reference or otherwise. It is not deemed necessary here to endeavor to square this proposition with any of the 30 exceptions in the statute, for it is obvious, from the statement of the case made on the hearing of the plea of privilege, that no cause of action was shown to exist against the Sugarland Industries, either separately, or jointly with the other defendants.

[7] It is not the province of this court on this appeal to pass upon the merits of the whole case, or to determine if a cause of action is asserted against those defendants who are not insisting upon their privilege to be sued in the counties of their respective domiciles. But it is our prerogative and duty to take cognizance of the total absence of a cause of action against a party pleading and saving that privilege, for in that case there is at least a failure to show venue as to such defendant, requiring a severance and transfer of the suit as to him. Accordingly, the judgment will be reversed in so far as the plea of privilege of the Sugarland Industries and its constituent members was overruled, and judgment is here rendered sustaining said plea, at the cost of appellee, but in all other respects the judgment is affirmed, at the cost of appellant United Chemical Company.

It is therefore ordered that the clerk of the district court of Hidalgo county make up a transcript of all the orders made in this cause, certifying thereto officially under the seal of that court, and send it, with the original papers in the cause, to the clerk of the district court of .Ft. Bend county, making and retaining certified copies of said papers for use in further proceedings in said cause in the district court of Hidalgo county.

Affirmed in part, and in part reversed and rendered.