Jesus **GONZALEZ** and Angelina D. Gonzalez, Appellants,

v.

Jose De Jesus **REGALADO** and Adalilia Regalado, Appellees.

No. 5629.

Court of Civil Appeals of Texas, Waco.

Sept. 23, 1976.

Rehearing Denied Oct. 28, 1976.

John D. Wennermark, San Antonio, for appellants.

Sam C. Bashara, San Antonio, for appellees.

## OPINION

McDONALD, Chief Justice.

This cause is before us on petition for writ of error to a $1,745. default judgment rendered against petitioners in suit for breach of contract; and further decreeing petitioners take nothing against Third Party defendant, Allstate Real Estate.

Plaintiffs Regalado and wife sued (petitioners) defendants Gonzalez and wife April 21, 1975 for breach of contract praying for $1,745. damages.

Defendants filed no answer and on June 4, 1975 the trial court rendered default judgment against defendants.

On June 27, 1975 defendants filed motion for new trial and motion to set aside default judgment.

On July 3, 1975 the trial court vacated its default judgment and granted defendants a new trial.

On August 8, 1975, defendants Gonzalez filed Third Party Action against Allstate Real Estate for breach of contract and alternatively for contribution for any damages alleged against defendants in plaintiffs' petition.

Third Party Defendant Allstate moved to strike the Third Party Action and alternatively to sever the action against it.

Such motion was overruled by the trial court on September 29, 1975.

Defendants having still filed no answer to plaintiffs' original suit the trial court rendered default judgment for plaintiffs against defendants (petitioners) for $1745.; and further decreed petitioners as Third Party Plaintiffs take nothing against Third Party Defendant Allstate.

Petitioners (defendants and Third Party Plaintiffs below) invoke our appellate jurisdiction by writ of error, asserting 4 points of error.

1) The trial court erred in reinstating the default judgment on October 17, 1975, after prior default judgment had been set aside by the granting of a new trial.

2) The trial court erred in granting this default judgment when defendants had a written answer on file.

3) The trial court erred in granting default judgment in favor of cross defendant Allstate Real Estate against cross plaintiffs (petitioners here).

4) The trial court erred in granting a default judgment to plaintiffs when their petition did not state a cause of action.

■ Point 1 asserts the trial court erred in "reinstating the prior default judgment."

This case was filed April 21, 1975, and when defendants filed no answer the trial court rendered the first default judgment against them on June 4, 1975. Defendants moved to set aside such default judgment, and on July 3, 1975, the trial court set aside its default judgment and granted defend-

ants a new trial. Defendants still filed no answer and the trial court granted the second default judgment on October 17, 1975. We think that this was a new judgment and not simply a reinstatement of the first default judgment.

Point 2 asserts the trial court erred in granting default judgment when defendants in fact had a written answer on file. Defendants contend their motions to set aside the first default judgment and for new trial constitutes an answer to plaintiffs' petition. Defendants cite *Martinec v. Maneri*, CCA (San Antonio) NWH, 494 S.W.2d 954, which holds it is error to render a default judgment against a party who has a "pleading" on file even though the pleading be defective.

■ Assuming such contention to be correct, defendant is in court, but still has not filed an answer to plaintiffs' action. This is to impliedly waive all errors of pleading or proof except such as appear from the facts in the record were not intended to be waived. The judgment is a nil dicit [1] judgment, and all error of pleading being waived, the court examines the petition only to determine if it attempts to state a cause of action within the court's jurisdiction. *Spivey v. Saner-Ragley*, Tex. Com.App., 284 S.W. 210; *Thornhill v. Elskes*, Tex.Civ.App., 381 S.W.2d 99; *O'Quinn v. Tate*, Tex.Civ.App., 187 S.W.2d 241. And plaintiffs' petition does state a cause of action within the jurisdiction of the trial court.

■ The judgment recites that evidence was heard. Defendants have brought forward no statement of facts. In the absence of a statement of facts, it must be presumed on appeal that sufficient evidence was introduced to support the judgment of the trial court. *Ehrhardt v. Ehrhardt*, Tex. Civ.App., 368 S.W.2d 37; *Englander v. Kennedy*, Tex.Civ.App., 428 S.W.2d 806.

■ Point 3 asserts the trial court erred in granting default judgment in favor of cross defendant Allstate against petitioners.

1. Sometimes spelled Nihil Dicit.

**692**

Rule 360 requires the petition for writ of error state the names and residences of the parties adversely interested.

Petitioners' petition for writ of error did not name Allstate as a party adversely interested, or give its address or cause service to be had upon it. Thus the judgment as pertains to Allstate and the Third Party action is not before us for review. *Highsmith v. Tyler State Bank & Trust Co.,* Tex.Civ.App., 194 S.W.2d 142; *Ponca Wholesale Mercantile Co., v. Alley,* Tex.Civ. App., 378 S.W.2d 129.

■ Point 4 asserts the trial court erred in granting a default judgment when plaintiffs' petition did not state a cause of action.

Plaintiffs' petition was sufficient to give fair notice of their claim and stated a cause of action.

■ Defendants did not except to plaintiffs' petition and thus waived "every defect, omission or fault either of form or substance," under Rule 90 TRCP. Moreover, insufficiency of pleading cannot be raised for the first time on appeal. *Lewter v. Dallas County,* Tex.Civ.App., 525 S.W.2d 885; *Sherman v. Provident American Insurance Company,* Tex., 421 S.W.2d 652; *Texas Department of Corrections v. Herring,* Tex., 513 S.W.2d 6.

The invalidity of the judgment appealed from is not disclosed by the papers on file in the case. *Pace Sports, Inc. v. Davis Brothers Publishing Co., Inc.,* Tex., 514 S.W.2d 247.

All petitioners' points are overruled.

AFFIRMED.