Howard E. **PARDUE** and Jimmie R. **McMillan,** Appellants,

v.

**CONFEDERATE AIR FORCE** and Malcolm D. Russell, Appellees.

No. 20683.

Court of Civil Appeals of Texas, Dallas.

Dec. 18, 1980.

Rehearing Denied March 24, 1981.

G. David Ringer, Lane, Savage, Counts & Winn, Dallas, for appellants.

Richard Elliott, Dallas, for appellees.

Before CARVER, STOREY and STEPHENS, JJ.

STEPHENS, Justice.

This is a venue case. The question presented is whether the filing and hearing of a motion to vacate a default judgment precludes a defendant's right to subsequently urge a plea of privilege to be sued in the county of his residence. The trial court held it did not, and we affirm.

Howard E. Pardue and Jimmie R. McMillan sued Confederate Air Force, a Texas nonprofit corporation, and Malcolm D. Russell for damages. Defendants failed to timely answer and an interlocutory default judgment with writ of inquiry was rendered against them on July 24, 1980. On July 30, 1980, defendant Confederate filed a motion for new trial and on August 1, 1980, filed its plea of privilege. Defendant Russell filed a plea of privilege and a motion for new trial on August 1, 1980.

Appellants' sole point of error is that defendants failed to timely assert their pleas of privilege in the trial court. They contend that the motion for new trial and the hearing thereon was a pleading and hearing on the merits of the case, preceding the hearing on the pleas of privilege, and thus the pleas of privilege were urged too late. We disagree.

A motion for new trial to set aside or vacate a default judgment has been held not a pleading, in the sense that a plea presenting the question of venue must precede a plea to the merits or be regarded as waived. Such a motion is for the sole purpose of seeking to set aside the existing order, and is not a pleading upon which to try the case. *Wolf v. Sahm*, 55 Tex.Civ. App. 564, 120 S.W. 1114 (1909, writ ref'd). Such a motion does not have the effect of a general appearance to foreclose the subsequent consideration of a plea of privilege. *Donald v. Agricultural Livestock Finance Corp.*, 495 S.W.2d 592 (Tex.Civ.App.—Fort Worth 1973, no writ). Neither does such a motion serve as a waiver of a plea of privilege. *Yell v. Prock*, 238 S.W.2d 238 (Tex. Civ.App.—Fort Worth 1951, writ dism'd). McDonald supports the proposition that a defendant may urge a motion to set aside a default judgment without waiving a subsequent hearing on a plea of privilege, reasoning that such motion does not invoke action by the trial court on the merits of the case. 1 R. McDonald, Texas Civil Practice § 4.40(111) (rev.1965). Here, it was imperative that defendants set aside the interlocutory default judgment in order to present any defense to the suit. The posture of this case, at the moment the interlocutory default judgment was set aside, was that the defendants were before the court by reason of their appearance and the court had jurisdiction of both the persons and the subject matter. The only pleadings before the court then remaining were the pleas of privilege which were next heard and acted upon.

Appellants urge that the facts of this case are squarely similar to the facts in *United Chemical Co. v. Leathers*, 285 S.W. 918 (Tex.Civ.App.—San Antonio 1926, writ dism'd). We disagree. In *United Chemical Co.*, the trial court refused to set aside the default judgment; thus, in that case the plea of privilege was urged after the decision on the merits.

Appellants further argue that the jurisdiction of the court was invoked at the hearing resulting in the order granting a new trial. We agree. Jurisdiction must attach, by service or otherwise, before the court has power to act; however, after jurisdiction attaches, a defendant is granted time within which to assert his defenses, whatever they may be.

We conclude that nothing done by the defendants evidenced any intention to dispense with their plea to change venue and that their motion for new trial was not a plea to the merits. Accordingly, we hold that a defendant's motion for new trial to set aside a judgment by default, when favorably acted upon by the trial court, does

not waive or preclude a subsequent plea of privilege to be sued in the county of one's residence.

Affirmed.

## ON MOTION FOR REHEARING

■ Howard E. Pardue and Jimmie R. McMillan contend in their motion for rehearing that the cases on which they rely in their original brief support the proposition that the failure to answer, after proper service, thus suffering a default judgment to be granted, is the very act that forecloses the subsequent urging of a plea of privilege. We disagree.

These defendants, by filing motions to set aside the default judgment, sought an adjudication for that sole purpose and not on the merits of the case. They were successful and the default judgment was set aside. We have reviewed *United Chemical Co. v. Leathers*, 285 S.W. 918 (Tex.Civ.App.—San Antonio 1926, writ dism'd), and the other cases on which appellants rely, but remain firm in our belief that the distinction between *United Chemical* and this case lies in the fact the trial court refused to set aside the default judgment in *United Chemical*, thus the plea of privilege urged after final judgment came too late. We see no distinction in a default judgment having been set aside because of defective service and one set aside on equitable grounds. After the default judgment is set aside, the defendant is then afforded the opportunity to answer and present his defenses, including any pleas.

Accordingly, we overrule appellants' motion for rehearing.