**Walter F. LONG, Appellant,**

v.

**Jaime GONZALES, Appellee.**

No. 16755.

Court of Appeals of Texas,
San Antonio.

March 23, 1983.

Larry G. Hyden, Corpus Christi, for appellant.

Jose Luis Ramos, Hebronville, for appellee.

Before CADENA, Chief Justice, and CANTU and TIJERINA, JJ.

OPINION

CANTU, Justice.

Long appeals from an order of the trial court sustaining appellee's plea of privilege. Appellee filed no brief. We will therefore accept as correct all statements as to the facts or the record made by appellant in his brief as allowed by Tex.R.Civ.P. 419.

Appellant presents one point of error in which he contends that appellee waived his venue rights and, therefore, was not entitled to file and assert his plea of privilege.

The undisputed facts set out in appellant's brief indicate that a suit was brought by appellant against appellee in Brooks County. The petition alleged fraud and conversion arising out of an agreement to trade trailers. Appellee was served with citation on July 16, 1980, but failed to file an answer or enter an appearance. The trial court entered a default judgment August 21, 1980.

On August 29, 1980, appellee filed a motion to set aside the default judgment and requesting a new trial. The trial court heard the motion on September 22, 1980. Three days later, on September 25, 1980, the trial court ordered the default judgment set aside and granted appellee a new trial. The record shows no further action by either party until October 23, 1980, when appellee filed a plea of privilege claiming his right to be sued in Jim Hogg County. Appellant controverted the plea asserting that appellee had waived his venue rights, that the plea of privilege was not timely filed, and that the plea of privilege was not in the due and required order of pleading. After a hearing on December 19, 1980, the trial court entered its order sustaining appellee's plea of privilege.

Appellant directs us to numerous cases including *Crosby v. Heldt Brothers Trucks,* 394 S.W.2d 235 (Tex.Civ.App.—San Antonio 1965, no writ) and *Fairbanks v. McAllen,* 170 S.W.2d 581 (Tex.Civ.App.—San Antonio 1943, writ ref'd) which stand for the proposition that a defendant who invokes the general jurisdiction of the court prior to filing a plea of privilege waives the right to subsequently file a plea of privilege.

Appellant places major reliance on this court's holding in *United Chemical Co. v. Leathers,* 285 S.W. 918 (Tex.Civ.App.—San Antonio 1926, writ dism'd). Appellant characterizes the facts in *United* as identical to those of the instant case and urges us to apply the holding of that case to the instant appeal.

While agreeing with the general rules of law applied in *Crosby v. Heldt Brothers*

*Trucks, supra,* and the other cases addressing invocation of the court's general jurisdiction prior to insisting on venue rights, we do not believe the holding in *United Chemical Co. v. Leathers, supra* supports appellant's position.

Appellant argues that *United* stands for the proposition that waiver of venue rights will occur in all situations where a plea of privilege is filed after a default judgment has been granted. Appellant's argument, however, fails to recognize the distinction between a default judgment which has been set aside and one that has become final.

In *United Chemical Co. v. Leathers, supra,* the trial court refused to set the default judgment aside and grant a new trial. No attempt was made to appeal the interlocutory judgment by default since it could not be done.[1] Pleas of privilege were also urged and overruled. Appeal was then taken from the interlocutory order overruling the pleas of privilege. The posture of the case before this court was one where appellant sought review of the order overruling its plea of privilege despite the fact that the default judgment had not been set aside and could not be appealed. Nevertheless, in seeking to review the propriety of the trial court's ruling on the pleas of privilege, the appellant therein devoted its entire argument on appeal to complaints of the default judgment which could not be reviewed by this court.

Clearly, the question of venue was not before the court in *United* and, therefore, any statement concerning waiver of the plea of privilege cannot rise above the level of gratuitous dictum. Even if we assume that such dictum correctly states the law, under the unique facts in *United* such a rule has no applicability where a judgment by default is set aside and a new trial is granted.

It cannot be said that appellee in this case, by moving to set aside the default judgment, invoked the general jurisdiction of the trial court within the meaning of the

rule that a party who invokes the general jurisdiction of the court, without first insisting on his plea of privilege, waives the right to file such plea. By moving to set aside the default judgment, appellee was not submitting himself to the jurisdiction of the court for any other jurisdictional purpose than to set aside the default judgment and be granted the opportunity to file and present his plea.

The correct view was stated in *Kelly v. A.B. Crouch Grain Co.,* 174 S.W. 630 (Tex. Civ.App.—Amarillo 1915, no writ) as follows:

> ... [T]he defendant was attempting to place its status as a litigant in this cause, for the very purpose, ... of presenting and pleading, not only a defense to the merits, but all defenses to which it may be entitled. ... [D]efendant had the right to file its pleas in accordance with the due order of pleading after the judgment was set aside, and the motion was addressed to the consideration of the court solely for the purpose of placing the cause in the same position as it would have existed had no judgment been rendered. *See also,* 1 R. McDonald, Texas Civil Practice in District and County Courts, § 4.40 (Rev.1981).

174 S.W. 631.

The same view has been expressed in *Pardue v. Confederate Air Force,* 615 S.W.2d 233 (Tex.Civ.App.—Dallas 1980, writ dism'd); *Spinnler v. Armstrong,* 63 S.W.2d 1071 (Tex.Civ.App.—El Paso 1933, no writ); *Turner v. Ephraim,* 28 S.W.2d 608 (Tex.Civ.App.—El Paso 1930, no writ); *Wolf v. Sahm,* 55 Tex. 564, 120 S.W. 1114; *on motion for rehearing,* 55 Tex.Civ.App. 564, 121 S.W. 561 (Tex.Civ.App.1909, writ ref'd) and *Atchison, T. & S.F. Railway Co. v. Adams,* 14 S.W. 1015 (Tex.Civ.App.1889).

Appellant directs us to no case and our independent review of case law fails to disclose a single case where the granting of a new trial resulted in the waiver of the plea of privilege.

---

1. At the time the default judgment was taken against the appellant in *United,* several other co-defendants remained in the action and no final judgment had been entered disposing of those parties. The judgment taken against United Chemical was, therefore, interlocutory.

Accordingly, we hold that the granting of appellee's motion for new trial requesting the court to set aside the judgment by default, did not waive or preclude the subsequent filing of a plea of privilege to be sued in the county of appellee's residence.

The judgment sustaining the plea of privilege and ordering the venue changed to Jim Hogg County is affirmed.