**FIRST STATE BUILDING AND LOAN ASSOCIATION, Appellant,**

v.

**B.L. NELSON AND ASSOCIATES, INC. a/k/a Nelson Engineering Corporation, Appellee.**

**No. 05–86–00822–CV.**

Court of Appeals of Texas, Dallas.

July 14, 1987.

Robert L. Scott, Greenville, for appellant.

Hollye C. Fisk, Dallas, for appellee.

Before STEPHENS, HECHT and THOMAS, JJ.

THOMAS, Justice.

This is an appeal from the trial court's refusal to grant First State Building and Loan Association (First State) a new trial after B.L. Nelson and Associates, Inc. a/k/a Nelson Engineering Corporation (Nelson) had been granted a nil dicit judgment. Because we agree that there was an abuse of discretion by the trial court, we reverse the judgment and remand for a new trial.

The original cause of action was filed by Nelson against First State and Jim Reagin (Reagin) to collect a debt alleged to be due for engineering services rendered. For purposes of clarification, the chronological procedural history of the case began on October 16, 1984, when an interlocutory default judgment was granted in favor of Nelson by the 193rd District Court sitting for the 101st District Court. The default judgment was based upon both First State's and Reagin's failure to appear and answer. First State filed a motion for new trial with attached affidavit on November 5, 1984, and after a hearing on the motion, a new trial was granted by the 101st District Court on November 29, 1984. On December 19, 1984, the same court granted, without notice,[1] an interlocutory nil dicit[2] judgment in favor of Nelson for the failure of First State to file an answer. On January 2, 1985, First State filed an answer and a cross-action against Reagin. First State then filed a second motion for new trial on January 18, 1985, and supplemented this motion on March 1, 1985. Nelson obtained a nonsuit against Reagin on March 13, 1985. First State's motion for new trial and supplemental motion for new trial were denied by the trial court on May 15, 1985. The case then proceeded on the cross-action of First State against Reagin, and a judgment was rendered in favor of First State on August 21, 1986. First State is appealing the Interlocutory Nil Dicit Judgment signed December 19, 1984, which became final for purposes of appeal on August 21, 1986.

In three points of error, First State contends that: (1) the trial court erred in granting the nil dicit judgment on December 19, 1984, because First State had put the merits of Nelson's case in issue before the court prior to the rendition of the judgment; (2) the trial court erred as a matter of law and abused its discretion in granting the nil dicit judgment nineteen days after the new trial was granted because there is no established time frame within which a defendant must file an answer following the granting of a new trial after a default judgment; and (3) the trial court erred in

---

**1.** We do not address the signing of this order without notice, since that issue has not been brought forward as a point of error in this appeal.

**2.** Sometimes spelled nihil dicit.

refusing to grant First State's motion for new trial filed January 18, 1985, and its supplemental motion for new trial filed March 1, 1985, because First State established grounds upon which the motion for new trial should have been granted and thus the trial court abused its discretion.

■ In the first point of error, First State contends that the trial court erred in granting the nil dicit judgment because the merits of Nelson's case were in issue before the trial court prior to the rendition of the judgment. First State asserts that its motion for new trial, which was granted by the trial court, sets forth a meritorious defense and should therefore be considered an "answer" sufficient to forestall a default judgment as well as a nil dicit judgment. We disagree.

While there is a difference between a no-answer default judgment and a judgment nil dicit, for purposes of this review, the general rule is that the two are so similar that the same rules apply to each with respect to the effect and validity of the judgment. *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex.1979).

In *Pardue v. Confederate Air Force*, 615 S.W.2d 233, 234 (Tex.Civ.App.—Dallas 1980, writ dism'd), the defendants failed to timely file an answer, and a default judgment was rendered against them by the trial court. The sole contention on appeal was that the motion for new trial and the hearing thereon was a pleading and hearing on the merits of the case. This Court, in an opinion by Justice Stephens, held that a motion for new trial to set aside or vacate a default judgment is *not* a pleading. Such a motion is for the sole purpose of seeking to set aside the existing order and is not a pleading upon which to try the case. *Id.* at 234. In *Gonzales v. Regalado*, 542 S.W.2d 689, 691 (Tex.Civ.App.—Waco 1976, writ ref'd n.r.e.), the defendants contended that their motion for new trial constituted an "answer." The court did not agree, distinguishing the facts from those presented in *Martinec v. Maneri*, 494 S.W.2d 954 (Tex. Civ.App.—San Antonio 1973, no writ), where the defendants had a pleading on file which constituted an "answer", even though it was inartistically drawn. (*See also Terehkov v. Cruz*, 648 S.W.2d 441, 443 (Tex.Civ.App.—San Antonio, no writ) which is in accordance with *Martinec* and is readily distinguishable from the facts before us on the same basis.)

Following our decision in *Pardue*, which is supported by *Gonzales*, we hold that the motion for new trial and attached affidavit does not constitute a pleading and thus cannot qualify as an "answer" for purposes of setting forth a meritorious defense to set aside the nil dicit judgment. Accordingly, the first point of error is overruled.

■ In the second point of error, First State contends that the trial court erred in granting the nil dicit judgment because there is no established time frame within which the defendant must file an answer following the granting of a new trial after a default judgment; therefore, the trial court erred in granting a nil dicit judgment nineteen days after the new trial was granted, such action being an error at law and an abuse of discretion. We cannot agree.

The time frame within which a defendant must answer following the granting of a new trial after a default judgment is not addressed in the Texas Rules of Procedure nor established by case law. However, Rule 101 of the Texas Rules of Civil Procedure states that the time period for the filing of an answer is "at or before 10 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service thereof." TEX.R.CIV.P. 101. First State failed to comply with the above requirement, and with no answer on file, there was a failure to place the merits of the case in issue. *Frymire Engineering Company, Inc. v. Grantham*, 524 S.W.2d 680, 681 (Tex.1975). Thus, the trial court properly granted the nil dicit judgment against First State. Accordingly, the second point of error is overruled.

■ In the third point of error, First State asserts that the trial court erred in refusing to grant its second motion for new trial and supplemental motion for new trial

because grounds were established upon which the motion for new trial should have been granted, and thus, the trial court abused its discretion. We agree.

There are certain prerequisites that must be met in order to set aside a default judgment and obtain a new trial. A motion for new trial is addressed to the trial court's discretion, and the court's ruling will not be disturbed on appeal in the absence of a showing of an abuse of discretion. *Cliff v. Huggins,* 724 S.W.2d 778 (1987); *Strackbein v. Prewitt,* 671 S.W.2d 37, 38 (Tex.1984). However, as stated by the Supreme Court in *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939), "[w]hile trial courts have some measure of discretion in the matter, as, in truth, they have in all cases governed by equitable principles, it is not an unbridled discretion to decide cases as they might deem proper, without reference to any guiding rule or principle." The *Craddock* court then set forth the guiding rule or principle which trial courts are to follow in determining whether to grant a motion for new trial:

> A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or accident; provided the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Id.* 133 S.W.2d at 126. Therefore, we must examine the sufficiency of First's motion for new trial in light of these three elements.

In determining whether there was intentional disregard or conscious indifference, we must look to the knowledge and acts of the defendant. *Strackbein,* 671 S.W.2d at 39. It is sufficient that the movant's motion and affidavits set forth facts which, if true, would negate intentional or consciously indifferent conduct. *Id.; Dallas Heating Co., Inc., v. Pardee,* 561 S.W.2d 16, 19–20 (Tex.Civ.App.—Dallas 1977, writ

ref'd n.r.e.). In its motion for new trial, First State alleged that its failure to file an answer was the result of an accident, mistake, and misplaced trust in Nelson's attorney. The motion stated that immediately after the hearing on the first motion for new trial, Nelson's attorney approached First State's president and counsel and asked for their assistance in locating the co-defendant, Reagin, and in locating funds supposedly escrowed by another lending institution for Nelson's services. Nelson's counsel commented that if those funds could be freed up and paid the litigation could be quickly resolved; he also stated that he would make an effort to get those sums released without further litigation. First State's president testified at the hearing on the motion for new trial that these discussions with Nelson's counsel took place, and his testimony also revealed that in response to Nelson's counsel's request, he had begun efforts to accomplish locating Reagin and the escrowed funds during the period between November, 1984 and the nil dicit judgment of December 19, 1984. Counsel for First State also testified at the hearing as to the negotiations, and he testified that he did not file an answer because he thought the motion for new trial could be construed as an answer. In light of the evidence of these types of negotiations between the parties, and an obvious attempt to resolve the litigation, we find no conscious disregard on the part of First State's counsel, and certainly not on the part of the parties he represented. Nor do we find that it was intended that a nil dicit judgment be taken. *See General Portland, Inc. v. Collins,* 549 S.W.2d 757, 759 (Tex. Civ.App.—Fort Worth 1977, writ ref'd n.r. e.).

We also find that a meritorious defense was alleged in the motion for new trial. The motion alleged that the fees owed for the engineering services provided by Nelson were owed by another entity or person unrelated to First State: Reagin. The affidavit of First State's president revealed that Reagin had informed First State that the dispute had been resolved, and that Reagin would take responsibility for all matters relating thereto. The testimony at

the hearing on the motion for new trial supported these assertions. These factual allegations were sufficient to set up a meritorious defense as required by *Craddock*.

The third requirement of *Craddock* is that the motion for new trial be filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. At the time First State's motion for new trial was filed, January 18, 1985, Nelson had not yet served process on the co-defendant, Reagin, and had not yet requested a trial setting. In its motion, First State alleged that it would reimburse Nelson for its reasonable costs in securing the nil dicit judgment, and First State's president testified accordingly at the hearing. Although the offer to reimburse the plaintiff for costs has been viewed by the courts as indicative that the third *Craddock* requirement has been met, *Dallas Heating Co. Inc.*, 561 S.W.2d at 22, the Supreme Court in *Cliff v. Huggins* appears to dispense with the requirement completely by stating that "once the defendant has alleged that the granting of a new trial will not delay or otherwise injure the plaintiff, the burden of going forward with proof of injury shifts to the plaintiff, for these are matters peculiarly within the plaintiff's knowledge." *Id.* 724 S.W.2d at 779. In view of First State's willingness to reimburse Nelson for its reasonable costs in securing the nil dicit judgment, and in the absence of any controverting evidence of hardship by Nelson, we conclude that, as a matter of law, no delay or hardship would have resulted from the granting of the motion for new trial. *Dallas Heating Co., Inc.*, 561 S.W.2d at 22. Thus, the trial court abused its discretion in overruling First State's motion for new trial.

The judgment of the trial court is reversed, and the case is remanded for a new trial subject to the trial court's determination of Nelson's costs of suit in securing the nil dicit judgment and reimbursement of that sum by First State.

Reversed and Remanded.