COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| BLUEBONNET FINANCIAL ASSETS, | § | No. 08-07-00282-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law No. 5 |
| | § | |
| MARVIN MILLER, | § | of Collin County, Texas |
| | § | |
| Appellee. | § | (TC# 005-3458-06) |
| | § | |

**O P I N I O N**

Bluebonnet Financial Services appeals a take-nothing judgment entered in favor of its debtor, Mr. Marvin Miller. Because we conclude the trial court erred by determining Mr. Miller filed an answer, we will reverse the take-nothing judgment and render judgment for Bluebonnet as to liability and liquidated damages.

Bluebonnet Financial Assets ("Bluebonnet") filed suit against Marvin Miller in December 2006, for breach of contract, accounts stated, quantum merit, and unjust enrichment, claiming Mr. Miller was in default on a credit card account the company purchased from Chase Manhattan Bank. Mr. Miller was cited to appear, but failed to file an answer. On January 29, 2007, Bluebonnet obtained a default judgment for $15, 256.23, plus reasonable attorney's fees and costs, and post judgment interest. Approximately one month later, the trial court set aside the default judgment by granting an agreed motion for new trial, in which Mr. Miller was ordered to pay Bluebonnet $750.

Thereafter the parties exchanged discovery. The case was tried to the bench on July 5,

2007. Mr. Miller appeared through his attorney, but did not offer any evidence in opposition to the claims. Bluebonnet called one witness during trial, its manager, Steve Niermann. Mr. Niermann testified that Bluebonnet purchased Mr. Miller's delinquent credit card account and was attempting to collect the balance. Mr. Miller's attorney raised objections to the documents offered by Bluebonnet as evidence of the account's chain of title and to Mr. Niemann's testimony. At the trial's close, the court requested briefing from both parties on the admissibility of the chain of title documents and affidavits.

On July 31, 2007, Bluebonnet filed a motion to "Strike Defendant's Post-Trial Original Answer." In the motion, Bluebonnet represents Mr. Miller attempted to file an Original Answer following trial and the post-trial briefing. Other than Bluebonnet's statement, there is no evidence of Mr. Miller's answer contained in the appellate record. There is also no record of any action on Bluebonnet's motion to strike. The trial court entered a take-nothing judgment on August 3, 2007. On August 22, 2007, the trial court entered findings of fact and conclusions of law in response to Bluebonnet's request. Contrary to the judgment, however, the trial court's findings stated that Mr. Miller owed Bluebonnet over $15,000 on a past due account and $750 for attorney's fees. Alternatively, the findings stated that Bluebonnet established its right to recover under its quantum merit and unjust enrichment claims.

Bluebonnet filed its notice of appeal on August 28, 2007.[1] On that same date, Mr. Miller filed an emergency motion to set aside the trial court's August 22 findings, or to amend or file additional findings. The trial court granted Mr. Miller's motion and set aside its findings on August 30. On September 5, Bluebonnet filed a second request for findings. According to

---

[1] Mr. Miller has not appeared in this appeal.

Bluebonnet's motion, Mr. Miller's emergency motion was granted without notice or hearing. When the trial court failed to respond to Bluebonnet's second request for findings, the entity timely filed a notice of past due findings. The trial court did not respond to Bluebonnet's past due notice.

This Court abated the appeal for entry of the requested findings on May 1, 2009. We filed a copy of the court's findings July 16, 2009, by a supplemental clerk's record. According to the trial court's findings:

## FINDINGS OF FACT

1.     Defendant did file an answer prior to trial.

2.     Defendant, represented by counsel, did appear at trial.

3.     On June 5, [sic] 2007, this cause was tried before the Court.

4.     Plaintiff offered into evidence records which Plaintiff contended established the chain of title, the cardholder agreement between Defendant and the original creditor and the copies of statements purported to establish an amount due and owing. Defendant objected to these documents based upon hearsay and that the documents had not been authenticated. Defendant's objections were taken under advisement by the Court. After review and reflection, the Court sustains Defendant's objections.

5.     Plaintiff attempted to authenticate a cardmember agreement through a business records affidavit from the custodian of records for Ariel Financial Services, a company with no apparent connection to any issue in this lawsuit. Defendant's [sic] objected to the authentication of this cardmember agreement by a third-party with no knowledge of the records keeping practices of the original creditor. Defendant's objection was taken under advisement by the Court. After review and reflection, the Court sustains Defendant's objection.

6.     Plaintiff attempted to establish chain of title through two bills of sale, neither of which included the Defendant's name or alleged account number. Both bills of sale stated that the accounts that were purchased

-3-

were included as Exhibit 'A' to the bills of sale, but no Exhibit 'A' was attached to either bill of sale, making the bills of sale unreliable on their face. Further, these bills of sale refer to papers that are not attached thereto or served therewith as required by the Texas Rules of Civil Procedure. Defendant's objection was taken under advisement by the Court. After review and reflection, the Court sustains Defendant's objection.

7. Plaintiff called Stephen Niermann, manager of Plaintiff, to testify.

8. Witness Niermann testified that Defendant Miller opened a credit card account with Direct Merchant's Bank. Defendant objected that Witness Niermann did not have personal knowledge of this testimony and that there was a lack of foundation. Defendant's objection was taken under advisement by the Court. After review and reflection, the Court sustains Defendant's objection.

9. Witness Niermann testified that Defendant Miller used Direct Merchant's Banks credit card to make charges on credit. Defendant objected that Witness Niermann did not have personal knowledge of this testimony and that there was a lack of foundation. Defendant's objection was taken under advisement by the Court. After review and reflection, the Court sustains Defendant's objection.

10. Witness Niermann testified that Defendant Miller made payments and stopped making payments on the account. Defendant objected that witness Niermann did not have personal knowledge of this testimony and that there was a lack of foundation. Defendant's objection was taken under advisement by the Court. After review and reflection, the Court sustains Defendant's objection.


## CONCLUSIONS OF LAW

11. To the extent any of the foregoing findings of fact can be construed to be conclusions of law, it is intended that said findings of fact be considered conclusions of law and are incorporated herein by reference.

12. The evidence offered by Plaintiff at trial that was purportedly a cardmember agreement was hearsay and was not authenticated by Plaintiff at trial and as such was inadmissible evidence. After review and reflection of Defendant's objections to the cardmember agreement, the Court sustains Defendant's objection.

13.     The evidence offered by Plaintiff at trial that purportedly established the chain of title was unreliable on its face and did not establish ownership of the alleged account.  Further, the bills of sale refer to papers that are not attached thereto or served therewith.  After review and reflection of Defendant's objections to the chain of title documents, the Court sustains Defendant's objections.

14.     The documents offered into evidence by Plaintiff at trial were hearsay and were not authenticated by Plaintiff at trial and as such were inadmissible evidence.

15.     The testimony of Witness Niermann was not based upon personal knowledge and there was a lack of foundation and as such was inadmissible evidence.  After review and reflection, the Court sustains Defendant's objections to Witness Niermann's testimony.

16.     Plaintiff failed to establish that Defendant owed to Plaintiff any amount under a breach of contract or account stated theory.

17.     Plaintiff further fails to establish that Defendant owed to Plaintiff any amount under a *Quantum Meruit* or unjust enrichment theory.

18.     Plaintiff has failed to establish that Defendant owed to Plaintiff or that Plaintiff was entitled to recover attorney's fees or court costs.

19.     Plaintiff failed to establish that Plaintiff is entitled to any pre-judgment or post-judgment interest.

20.     As such, it is ordered that Plaintiff take nothing on all of its claims.

Signed this 10 day of July, 2009.

Bluebonnet raises eight issues on appeal.  Issues One and Two challenge the trial court's entry of judgment in favor of Mr. Miller on the basis that he never answered the suit.  In Issue Three, Bluebonnet contends the trial court erred by excluding the documentary evidence offered at trial.  As a result, in Issue Four Bluebonnet asserts the trial court erred in entering a take-nothing judgment as the evidence in the record established Mr. Miller's liability and the amount of damages as a matter of law.  In Issues Five and Six, Bluebonnet contends the trial court erred

by failing to comply with its timely request and reminder for findings of fact and conclusions of law. In Issues Seven and Eight, Bluebonnet contends the trial court erred by entering judgment for Mr. Miller on its quantum meruit, unjust enrichment, and account stated claims.

As a preliminary matter, this appeal is before the Court following abatement for entry of findings of fact and conclusions of law. The record has been duly supplemented and the parties have had an opportunity to re-brief in light of the findings. Issues Five and Six are now moot, and are accordingly overruled.

In Issues One and Two, Bluebonnet contends the trial court erred by granting a take-nothing judgment on the basis that Mr. Miller failed to file any answer; verified or otherwise, and therefore admitted the allegations stated in the original petition. These arguments require us to review the trial court's conclusion of law number one, in which the court determined Mr. Miller filed an answer. However, as there is not a formal answer in the record, we must infer that the trial court determined Mr. Miller's appearance and filings following the order granting a new trial, served as a substitute for an answer, and therefore put all of Bluebonnet's allegations at issue. So the question before us is whether or not the trial court was correct in its conclusion. Whether or not Mr. Miller's actions can serve as an answer substitute is a question of law, which we review *de novo*. *See Watkins v. Debusk*, 286 S.W.3d 58, 62 (Tex.App.--El Paso 2009, no pet.).

In its most basic form, i.e., a general denial, a defendant's answer puts all allegations in the plaintiff's petition which are not required to be specially denied at issue. *See* TEX.R.CIV.P. 92; *Shell Chem. Co. v. Lamb*, 493 S.W.2d 742, 744 (Tex. 1973). The answer must be written, signed by the party or the party's attorney, and filed with the court clerk who issued the citation.

-6-

*See* Tex.R.Civ.P. 57, 99(b). Those claims that must be specially denied are defined by Rule 93.

*See* Tex.R.Civ.P. 93. When a case falls within one of the categories defined by this rule, a

general denial is insufficient; a defendant must provide a verified denial, supported by an

affidavit based on personal knowledge. *See* Tex.R.Civ.P. 93; *Roark v. Stallworth Oil & Gas,*

*Inc.*, 813 S.W.2d 492, 494 (Tex. 1991). If a verified denial is required, failure to comply with the

rule relieves the plaintiff if its burden of proof. *See Roark*, 813 S.W.2d at 494.

The facts of this case potentially fall into several Rule 93's categories:[2]

(4)    That there is a defect of the parties, plaintiff or defendant.

.      .      .

(7)    Denial of the execution by himself or by his authority of any instrument in writing, upon which any pleading is founded, in while or in part, and charged to have been executed by him or by his authority, and not alleged to be lost or destroyed. . . . In the absence of such a sworn plea, the instrument shall be received in evidence as fully proved.

(8)    A denial of the genuineness of the indorsement or assignment of a written instrument upon which suit is brought by an indorsee or an assignee and in the absence of such a sworn plea, the indorsement or assignment therefore shall be held as fully proved.

Tex.R.Civ.P. 93(4), (7), and (8).

By failing to file a verified denial of Bluebonnet's claims, Mr. Miller conclusively

admitted: (1) the proper parties were before the court; (2) the validity of the credit card

agreement which was the foundation of the suit; and (3) that he was the individual who signed

the agreement creating the account. *See* Tex.R.Civ.P. 93(4), (7), and (8). Incident to these

---

[2] Without an answer to guide us, we are forced to infer what defenses Mr. Miller intended to assert to defeat Bluebonnet's claims. Given the nature of the suit, and Mr. Miller's arguments during and after trial, we will focus on Paragraphs Four, Seven, and Eight of Rule 93.

-7-

admissions, Mr. Miller also waived evidentiary objections to the documents. *See* TEX.R.CIV.P. 93(7) and (8); *Boyd v. Diversified Fin. Sys.*, 1 S.W.3d 888, 891 (Tex.App.--Dallas 1999, no pet.). Therefore, to the extent the trial court concluded Mr. Miller's "answer" was a verified answer which required Bluebonnet to put on proof of the issues discussed above, the trial court erred. Issue Two is sustained.

Unlike verified denials, however, Texas courts have traditionally treated a wide variety of defendants' responses sufficient to serve as an answer for the purposes of a general denial. *See Smith v. Lippmann*, 826 S.W.2d 137, 138 (Tex. 1992)(per curiam); *Hock v. Salaices*, 982 S.W.2d 591, 593 (Tex.App.--San Antonio 1998, no pet.)("Indeed, the courts have gone to great lengths to excuse defects in answers to prevent the entry of default judgments against parties who have made some attempt, albeit deficient, unconventional, or flat out forbidden under the Rules of Civil Procedure, to acknowledge that they have received notice of the lawsuit pending against them."). This policy choice in favor of construing defensive responses as "answers" is due to the effect of a defendant's failure to answer. A non-answering party has admitted all of the plaintiff's allegations, except for the amount of damages to be awarded, and is subject to a default judgment at a time of the plaintiff's choosing. *See* TEX.R.CIV.P. 239; *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992).

The vast majority of opinions that address the sufficiency of a defendant's answer arise from default judgment cases in which the defendant has responded to the petition with a document that does meet the requirements of a Rule 83 "Original Answer." *See Hughes v. Habitat Apts.*, 860 S.W.2d 872, 873 (Tex. 1993)(default judgment improper as defendant's pauper's affidavit was sufficient to constitute an answer); *Lippmann*, 826 S.W.2d at 138 (default

-8-

judgment was improperly granted as defendant's *pro se* letter to district clerk confirming receipt of citation constituted an answer); *Custom-Crete, Inc. v. K-Bar Servs., Inc.*, 82 S.W.3d 655, 658 (Tex.App.--San Antonio 2002, no pet.)(letter by non-attorney corporate representative denying claims was sufficient to avoid default judgment, despite defects in form of answer). In this instance, we have the reverse scenario. The record does not contain any document, filed by Mr. Miller, titled "Original Answer." Indeed the only documents filed by Mr. Miller were: (1) written pretrial objections to the admission of Bluebonnet's business records; and (2) his post trial brief. The only other record document evidencing Mr. Miller's contest of the claims against him is the agreed order for new trial, which was signed by his attorney. And yet, the trial court determined Mr. Miller did file an answer, and entered a take-nothing judgment. Because the trial court's conclusion could only be based on one or more of the documents filed by Mr. Miller, we will review each one to determine if it constitutes an "answer." *See* TEX.R.CIV.P. 99(b) (requiring defendant to file a *written* answer)(Emphasis added).

An "answer" is a type of pleading. *Rupert v. McCurdy*, 141 S.W.3d 334, 339 (Tex.App.--Dallas 2004, no pet.). Collectively, the pleadings in a case frame the issues which will be determined at trial, and notify the opposing party of the types of evidence it will be called upon to produce to prove or defend its case. *See id*. We have been unable to locate Texas precedent that treated either a written objection to documentary evidence, or a post-trial brief as a substitute for an answer. There are no parallels between the purposes served by an answer, and the documents at issue here. A brief is directed toward the court to present arguments, and aid the court in its ruling. *See generally* TEX.R.APP.P. 38.1, 38.2 (outlining the required elements for a brief to the appellate court). It has no direct impact on the issues to be determined at trial, and is not

intended to provide notice to the opposing party. Similarly, while Mr. Miller's pretrial evidentiary objections may have notified Bluebonnet that he disagreed about the admissibility of its business records, the objections did not change or re-frame the ultimate issues before the court. We conclude, therefore, that neither document can be considered an "answer" as contemplated by the Rules of Civil Procedure.

Similarly, we cannot consider the document purportedly sent to Bluebonnet after trial as an answer. The only reference to Mr. Miller's post-trial answer in the record is contained in Bluebonnets motion to strike the same. The document was never filed with the trial court clerk, and is absent from the appellate record. Even if Mr. Miller had produced such a document on appeal, we could not consider it because an appellate court cannot consider documents that are not properly part of the appellate record in its review. *See Burke v. Ins. Auto Auctions Corp.*, 169 S.W.3d 771, 775 (Tex.App.--Dallas 2005, pet. denied).

We are left with the agreed motion for new trial. The sole purpose of a motion for new trial is to set aside an existing order; it is not a pleading upon which a case can be tried as it does not invoke the trial court to take action on the merits of the case. *See Pardue v. Confederate Air Force*, 615 S.W.2d 233, 234 (Tex.Civ.App.--Dallas 1980, writ dism'd). For a default defendant, the new trial presents an opportunity to present a defense. *See id*. In other words, while the granting of a motion for new trial presents an opportunity for the parties to present their claims and defenses, the motion is not a pleading that can prevent a default. *See First State Bldg. & Loan Ass'n. v. B.L. Nelson & Assoc., Inc.*, 735 S.W.2d 287, 289 (Tex.App.--Dallas 1987, no writ). Therefore, the agreed motion for new trial filed in this case cannot serve as a basis for the trial court's conclusion that Mr. Miller filed an answer. Because none of the documents filed by

-10-

Mr. Miller constituted an "answer," the trial court's conclusion of law stating an answer had been filed was in error. Mr. Miller failed to file an answer. Issue One is sustained.

Our conclusion this is a "no-answer" case also resolves Issues Three and Four, in which Bluebonnet challenges the trial court's decision to exclude its business record evidence, and argues it is entitled to judgment for the full amount of the debt based on its, "clear, convincing and uncontroverted" evidence. Because Mr. Miller wholly failed to answer the suit, he admitted liability as alleged in the petition, and relieved Bluebonnet of its burden of proof. *See* TEX.R.CIV.P. 239; *Siddiqui v. West Bellfort Prop. Owners Ass'n.*, 819 S.W.2d 657, 658 (Tex.App.--El Paso 1991, no pet.); *Argyle Mech., Inc. v. Unigus Steel, Inc.*, 156 S.W.3d 685, 687 (Tex.App.--Dallas 2005, no pet.). Therefore, any potential evidentiary error is moot, and Issues Three and Four are overruled.

In Issues Seven and Eight, Bluebonnet contends the trial court erred by concluding it failed to establish its accounts stated, quantum meruit, and unjust enrichment claims. As in Issues Three and Four, our conclusion that Mr. Miller did not file an answer will control the disposition of these points. Bluebonnet's original petition included claims for breach of contract, accounts stated, quantum merit, and unjust enrichment. In its conclusions of law, the trial court held Bluebonnet failed to establish that Mr. Miller was liable to the entity for any of its causes of action. For the same reasons, the trial court's conclusion that Mr. Miller filed an answer was in error, the trial court also erred by concluding Bluebonnet failed to establish its causes of action. Regardless of whether these claims could be avoided by general or verified denial, by not answering, Mr. Miller never put Bluebonnet's liability allegations as to any of the claims at issue. *See Argyle Mech., Inc.*, 156 S.W.3d at 687. Therefore, his liability on those issues was settled,

-11-

and all that was left for Bluebonnet to prove was the amount of damages owed. *See Herbert v. Greater Gulf Coast Enters.*, 915 S.W.2d 866, 872 (Tex.App.--Houston [1st Dist.] 1995, no writ). Accordingly, Issues Seven and Eight are sustained.

Having determined the take-nothing judgment was rendered in error, and that Bluebonnet was entitled to a default judgment, we must determine whether Bluebonnet is also entitled to rendition on its requested damages. *See* TEX.R.APP.P. 43.3. Bluebonnet requests that this Court render judgment for the full amount owing on the account, $15,256.23, plus $750 for attorney's fees, plus court costs, plus post judgment interest at a rate of 7.25 percent. Texas Rule of Civil Procedure 241 provides:

> When a judgment by default is rendered against the defendant . . . if the claim is liquidated and proved by an instrument in writing, the damaged shall be assessed by the court, or under its direction, and final judgment shall be rendered therefore, unless the defendant shall demand and be entitled to a trial by jury.

A claim is liquidated if the amount of damages can be accurately calculated by the court from the factual allegations in the petition and written instruments. *Aavid Thermal Tech. of Texas v. Irving I.S.D.*, 68 S.W.3d 707, 711 (Tex.App.--Dallas 2001, no pet.). Unliquidated damages are damages that cannot be accurately calculated by the court based on an instrument in writing, and require the submission of evidence to establish the compensatory amount. *See id.* Because the damages in this case are established by the factual allegations in the petition, as well as the account statements provided by Bluebonnet, we conclude the damages are liquidated and render judgment for the full amount owing plus attorney's fees, costs, and post judgment interest.

Having sustained Issues One, Two, Seven, and Eight, we reverse the trial court's take-nothing judgment and render for Bluebonnet in the amount of $15,256.23, plus $750 for

-12-

attorney's fees, plus court costs, plus post judgment interest at a rate of 7.25 percent.


March 31, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.