ACCEPTED
03-14-00016-CV
3604657
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/29/2014 2:53:54 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00016-CV

_____

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/29/2014 2:53:54 PM
JEFFREY D. KYLE
Clerk

_____

**WILLIAM CULLEN CHAMPION**

Appellant,

v.

**MARILYN ESTLOW**

Appellee.

_____

On Appeal from the County Court at Law Number One
of Travis County, Texas

_____

**UNOPPOSED MOTION FOR LEAVE
TO FILE POST-SUBMISSION LETTER BRIEF**

_____

William Cullen Champion, Appellant herein, files this unopposed motion for leave to file a post-submission letter brief. Appellant respectfully requests that this Court accept a post-submission letter brief limited to a single issue raised by the Court in oral argument. In support of this request, Appellant would show the following:

1. The Court heard oral argument in this case on December 17, 2014.

2.  At oral argument, Justice Pemberton raised a question regarding the issue of waiver of venue objections in a no-answer default judgment.  This issue was not discussed in Appellant's Brief.

3.  Appellant has prepared a short post-submission letter brief addressing this issue.  The letter brief is attached hereto as Exhibit A.  Appellant requests leave to file this letter brief so that the Court may consider the arguments and legal authorities contained therein.

4.  Appellee does not oppose the granting of the motion for leave.

WHEREFORE, PREMISES CONSIDERED, Appellant prays that this Court grant its motion for leave and that the post-submission letter brief attached hereto as Exhibit A be filed with the papers in this case.  Appellant also requests such other and further relief to which it may be entitled.

Respectfully submitted,

**BOURLAND LAW FIRM, P.C.**
1 Chisholm Trail, Suite 150
Round Rock, Texas 78681
(512) 477-0100
(512) 477-0154 (facsimile)

BY: /s/ Anna Eby_____
    CINDY OLSON BOURLAND
    State Bar No. 00790343
    bourland@bourlandlaw.com
    ANNA EBY
    State Bar No. 24059707
    eby@bourlandlaw.com

## CERTIFICATE OF CONFERENCE

I hereby certify that, on December 29, 2014, I conferred with counsel for Appellee via electronic mail regarding this motion. Appellee does not oppose the granting of this motion for leave.


/s/ Anna Eby_____
Anna Eby


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served via electronic service on this the 29th day of December, 2014 on the following:

Jessica Lobes
Dickman Law Offices, PLLC
6440 N. Central Expressway, Suite 200
Dallas, Texas 75206


/s/ Anna Eby_____
Anna Eby



ACCEPTED
03-14-00016-CV
3583373
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/23/2014 3:20:56 PM
JEFFREY D. KYLE
CLERK

**BOURLAND LAW FIRM**
*Professional Corporation*

1 CHISHOLM TRAIL, SUITE 150
ROUND ROCK, TEXAS 78681
TEL 512.477.0100
FAX 512.477.0154
WWW.BOURLANDLAW.COM

December 23, 2014

***VIA E-FILE***
Justice David Puryear
Justice Bob Pemberton
Justice Scott Field

RE: *Champion v. Estlow*, 03-14-00016-CV, in the Third Court of Appeals

Dear Justice Puryear, Justice Pemberton and Justice Field:

Please allow this letter to serve as Appellant William Champion's supplemental letter brief and response to a question raised by Justice Pemberton during oral argument in the above-referenced case on December 17, 2014.

In response to Justice Pemberton's question regarding waiver of venue through a no-answer default, Appellant asserts that to hold that a party's failure to appear constitutes waiver of venue (whether express or implied) <u>contradicts</u> the plain language of § 15.002 of the Civil Practice and Remedies Code. Section 15.002 requires the plaintiff to file suit in the proper venue ("all lawsuits *shall* be brought..."), and is not conditioned upon any action by the defendant.

Additionally, we have reviewed the case law (both subsequent and prior to the 1995 statutory changes) for any authority that a no-answer default constitutes a waiver of venue. We did not find any cases for that proposition. We did find cases, such as *Long v. Gonzales*, 650 S.W.2d 173 (Tex.App.—San Antonio 1983, no writ), and *Alamo Express, Inc. v. Stansell*, 445 S.W.2d 222 (Tex.Civ.App.—San Antonio 1969, no writ), in which venue was <u>not</u> waived by a no-answer default. While the issue in both *Long* and *Alamo Express* was whether or not the defendant had waived venue by challenging the default judgment before challenging venue, the fact that the court, in both instances, held that venue had not been waived demonstrates that <u>a no-answer default does not act as a waiver of venue objections</u>. Similar holdings may be found in *Pardue v. Confederate Air Force*, 615 S.W.2d 233 (Tex.Civ.App.—Dallas 1980, writ dism'd), *Yell v. Prock*, 238 S.W.2d 238 (Tex.Civ.App.—Fort Worth 1951, writ dism'd), and *Wolf v. Sahm*, 120 S.W. 1114 (Tex.Civ.App. 1909, writ ref'd). This is consistent with the language of § 15.002 and with the relief requested by Appellant in this case.

Importantly, the court in *Alamo Express* defined waiver of venue rights as the result of an **action** by a party:

> Venue rights may be expressly or impliedly waived by either party. An express waiver is shown by **clear, overt acts** evidencing an intent to waiver [sic]. An implied waiver occurs when a party, often inadvertently, takes some **action** inconsistent with his position upon the venue issue and therefore is held to have waived his rights thereon.

*Alamo Express*, 445 S.W.2d at 223 (emphasis added). The court in *Alamo Express* went on to hold that the appellant had not, by failing to appear, waived its objection to venue. *Id.* The same is true in this case. Mr. Champion did not answer the underlying lawsuit, and Appellee obtained a default judgment. Mr. Champion's failure to answer did not excuse Appellee from complying with § 15.002 in selecting a proper venue, nor did Mr. Champion's inaction waive objection that venue is not proper under § 15.002. For these reasons, as well as those detailed in Appellant's Brief and discussed in oral argument, Mr. Champion respectfully requests that the default judgment in this case be reversed and remanded.

We appreciate the opportunity to provide this supplement. Please do not hesitate to contact us if additional briefing or other information is necessary.

Respectfully,

Anna Eby

cc:     Jessica Lobes (*via electronic mail*)